Thomas R. **ANIOL**, Plaintiff,

v.

Arthur S. **FLEMMING**, Secretary of Health, Education, and Welfare, of the United States of America, Defendant.

Civ. A. No. W–1973.

United States District Court
D. Kansas.

April 12, 1960.

John E. Hurley, Julian Ralston, Wichita, Kan., for plaintiff.

George E. Peabody, Asst. U. S. Atty., Wichita, Kan., for defendant.

HILL, Chief Judge.

Once again this Court is being called upon to review a decision by the defendant's referee which held that plaintiff, Aniol, is not entitled to the benefits of the so-called "disability freeze" provisions of the Social Security Act.

The action was instituted by the plaintiff pursuant to 42 U.S.C.A. § 405(g) and both sides have filed their respective motions for summary judgment.

There is only one issue. Is the decision of the defendant supported by substantial evidence?

Of course, plaintiff has the burden of sustaining his claim for disability under the Act. Fuller v. Folsom, D.C., 155 F.Supp. 348; Butler v. Folsom, D.C., 167 F.Supp. 684; Dunn v. Folsom, D.C., 166 F.Supp. 44.

The term "disability" is defined in the Act (42 U.S.C.A. § 416(i) to mean:

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

It is agreed that in any determination of disability consideration is given to a plaintiff's education, training, experience, and physical and mental capacities.

■ I am of the opinion that the referee must be upheld in his findings and inferences drawn from the evidence as it is obvious that they are supported by substantial evidence and is conclusive on this Court.

The transcript of the evidence reveals that on December 17, 1957, and December 20, 1957, the plaintiff filed applications for disability and to establish a period of disability, alleging he became unable to work on March 12, 1957, at age 54, because of traumatic arthritis and fusion of the left ankle.

The referee found, and there is no dispute about this, that at the time of hearing the claimant was 56 years old, married and with no minor dependents. The plaintiff completed the first two years of high school. His first work was as a bank messenger and lithographer which work he continued for about six years. He quit this job and went to Chicago to work for the Chicago and Northwestern Railroad for two years. He was next employed as a door to door salesman selling mailing machines. He worked as a salesman in a drugstore for three or four years, and during the depression years worked as a paper hanger. In 1940 plaintiff became employed at the O. A. Sutton Company as a tool crib attendant. He was a "straw boss" there and he then worked some eight years for Boeing Airplane Company as a tool crib attendant. In 1954 while at Boeing he was promoted to "straw boss" in the tool crib department where he supervised the work of eight men. The duties in the tool crib department generally consisted of checking tools in and out, putting them on shelves, and sorting large and small tools. The plaintiff continued this employment until March, 1956, when an injury was sustained when a piece of iron fell on his left foot, causing fractures to the first, second and third toes. In March of 1957, an ankle fusion was performed. Following the surgery, plaintiff was on crutches and when he tried to return to work the officials at Boeing told him to return when he could walk without crutches.

Regarding the plaintiff's past medical history, the testimony reveals his left ankle was injured at the age of 9 months when rocked on by a rocking chair. This resulted in pain and swelling of his left ankle, necrosis of the bone, stiffness and atrophy of the left leg.

When the plaintiff was sixteen years of age, he underwent surgery for the left ankle condition and was on crutches for some months, and thereafter walked with a limp.

In addition to the left leg, claimant testified that he is disabled by kidney trouble. In 1921, at age 18, his left kidney was removed because of suspected tuberculosis. He stated since 1946 he has had to have dilations of the urethra.

The medical evidence consists of two reports from Doctor W. A. McClanahan, M.D., one dated January 22, 1958, and the second May 2, 1958; medical report of William R. Miller, M.D., of the Wichita Clinic, October 4, 1958; report of Dr. W. T. Elnen, M.D., as to examination made September 23, 1958; and report of John W. Warren, Jr., M.D., dated February 26, 1959.

Both reports of Dr. McClanahan reveal the previous recited history of plaintiff and the first report reveals a diagnosis of traumatic arthritis of tibial calcaneal joint, with treatment indicated as fusion of ankle joint. The report indicated the patient was to begin limited work on December 20, 1957.

The second report reveals the ankle was fused. His diagnosis was left ankle fused, kidney removed, condition stationary, and that he had not advised claimant not to work.

The report of Dr. Elnen is merely an unsigned and undated statement revealing an examination of September 23, 1958, and the statement that the doctor considered this plaintiff totally disabled.

The report of Dr. Miller concludes that there is considerable atrophy in the left leg and thigh because of disability in the left foot of many years duration. A disability of between 35 to 40 per cent of the entire left lower extremity is indi-

cated. It is expected that because of this the plaintiff could have difficulty in climbing, carrying heavy objects, etc., and that surgical treatment, which he advises, could be expected to improve the plaintiff's ability to do work in which difficulty can be expected.

Based upon this record, the referee found that the plaintiff's impairments are medically determinable and expected to be of long-lasting and indefinite duration but that such impairments singly or in combination are not of such severity as to preclude him from engaging in substantial gainful activity.

The plaintiff argues principally that the referee is in error because of this language in the opinion "That while plaintiff's impairments preclude him from engaging in work of a laborious nature, *they do not preclude him from engaging in work of some sort.*" (Emphasis ours.) I take this to mean merely that the plaintiff is insisting that the referee applied too strict a rule.

I don't believe that the extraction of this sentence from the paragraph can change the terms of the referee's findings. The referee found this plaintiff was not precluded from "*any* substantial gainful activity", which is obvious from the whole tenor of his finding.

The plaintiff cites the cases of Berry v. United States, 312 U.S. 450, 61 S.Ct. 637, 85 L.Ed. 945; Aaron v. Flemming, D.C., 168 F.Supp. 291, for the rule that "disability" does not mean "bedridden", or "helplessness", and concludes that the referee's findings are not supported by substantial evidence, because this plaintiff under the facts is "disabled", when viewed in the light of his age, experience, education and fitness for work in which he can engage, and does not have to be "helpless".

Of course, the mere recitation of rules by the plaintiff does not supply a test. The facts in each case must call forth the particular application of any rule. This is conceded by plaintiff.

There is no indication in this record that such factors as plaintiff's age, edu-cation, and work experience were not considered in spite of such assertions by the plaintiff.

It seems quite obvious that there is substantial evidence to find upon the basis of this plaintiff's background, training and employment that he is not so disabled as to prevent him from engaging in substantial employment.

The record further shows that this plaintiff has had opportunities for employment, which he refused.

The medical evidence as well as the plaintiff's own testimony support the decision of the referee.

It is, therefore, ordered and adjudged that the motion for summary judgment of the plaintiff be and is hereby overruled, and the motion for summary judgment of defendant be and is hereby sustained.