Lonnie BOWDEN, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare, Defendant.

No. 1057.

United States District Court
S. D. West Virginia,
at Huntington.

Dec. 11, 1961.

Robert K. Means, Darnall & Means, Huntington, W. Va., for plaintiff.

Duncan W. Daugherty, U. S. Atty., Ned O. Heinish, Asst. U. S. Atty., Huntington, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

This is an action under the Social Security Act as amended, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. Plaintiff seeks to establish a period of disability under 42 U.S.C.A. § 416(i), and a right to disability insurance benefits under 42 U.S.C.A. § 423.

■ Under 42 U.S.C.A. § 405(g), the jurisdiction of this court is limited to a determination of whether the findings of the Secretary are based on "substantial evidence." The court is precluded from having a hearing de novo. These matters have been previously discussed in Carpenter v. Flemming, U.S.D.C.N.D. W.Va., 178 F.Supp. 791.

The Act, 42 U.S.C.A. § 416(i) provides for eliminating from a person's earning record the period during which he was under a "disability" in computing his average monthly wage upon which the amount of his benefit is based. A thorough discussion and complete collection of cases concerning the elements of the statutory disability are contained in Pruitt v. Flemming, S.D.W.Va., 182 F. Supp. 159, and there is no need to repeat that discussion here. For an individual to be eligible for the establishment of a period of disability and for disability insurance benefits, the Act requires him (besides being under a "disability" as defined) to have met the special "insured status" contained therein. Without going into a detailed discussion of the complicated and interrelated sections of the Act, it suffices to say that plaintiff last met the earning requirements necessary to obtain the insured status on December 31, 1960.

Plaintiff filed an application to establish a period of disability on October 8, 1958, and an application for disability insurance benefits on September 5, 1958, alleging that he first became unable to engage in substantial work in June of 1955. The applications were denied initially, and were again denied on reconsideration by the Bureau of Old-Age and Survivors Insurance, after the West Virginia Division of Vocational Rehabilitation had found that plaintiff was not under a disability. Plaintiff then requested and received a hearing de novo, and the hearing examiner also found that plaintiff was not under a disability. The plaintiff requested a review by the Appeals Council of the Social Security Administration which received additional evidence, but declined to review the hearing examiner's decision. That decision thus became the final decision of the Secretary of Health, Education, and Welfare.

■ The issue in this case is whether there is substantial evidence in the record to support the Secretary's decision that the plaintiff, having the burden of proof, failed to establish his right to a period of disability and disability benefits; that he failed to prove that at the time of his application he was unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment

which could be expected to result in death or be of long-continued and indefinite duration.

The Appeals Council received and marked in evidence three exhibits which it considered before denying plaintiff's request for review of the hearing examiner's decision; however, since these exhibits were not before the hearing examiner and did not form a basis for his decision, they may not be considered on this review in determining whether that decision was supported by substantial evidence.

Plaintiff claimed disability by reason of being unable to walk or stand because of varicose veins. He had undergone a series of surgical treatments for this condition, but the medical information showed that the varicose veins were not of such a disabling severity that plaintiff would be prevented from engaging in any substantial gainful activity in the future. While some discomfort was indicated from time to time, and surgery was required, there was no significant circulatory difficulty. The hearing examiner conceded that plaintiff might not be able to continue in his former occupation of an iron worker, but the medical evidence supported the examiner's conclusion that there was nothing in the condition of plaintiff's legs to prevent him from engaging in some lighter or sedentary work considering his age (52 at the time of the hearing), education (the equivalent of a high school education) and background.

The hearing examiner also noted that recent medical evidence indicated that plaintiff may have been suffering from some mental or psychiatric impairment as well as some neurological defects; however, the first neuropsychiatric evidence appeared in the medical reports in April, 1960. This was nearly five years after the alleged date of disability, and more than a year after plaintiff filed his applications. Under the express provisions of the Act itself, the plaintiff must establish that he was under a disability at the time claimed (or, in any event, by the time the earnings require-

ments were last met) and that such disability continued at least until the time of filing the application to establish a period of disability or for disability insurance benefits. If an individual is not under a disability as defined in the Act at the time his application is filed, he does not meet the requirements of the Act for entitlement to disability insurance benefits. Since plaintiff continued to meet the earnings requirements of the Act until December 31, 1960, and may still be meeting them, it is possible for him to file another application with fuller and more complete documentation of his psychiatric and neurological impairments, and get the benefit of any disability occurring since 1958, the date of his original application and to at least December 31, 1960.

There is substantial evidence in the record to support the Secretary's decision that the plaintiff, having the burden of proof, failed to establish his right to a period of disability and disability benefits. The decision of the Secretary is, therefore, affirmed.