Frances D. PEARMAN, Appellant,

v.

Abraham A. RIBICOFF, Secretary of the Department of Health, Education and Welfare, Appellee.

No. 8630.

United States Court of Appeals Fourth Circuit.

Argued June 6, 1962.

Decided Aug. 30, 1962.

Clay S. Crouse, Beckley, W. Va., and Marvin R. Watson, Greenwood, S. C., for appellant.

John C. Eldridge, Atty., Dept. of Justice (William H. Orrick, Jr., Asst. Atty. Gen., John C. Williams, U. S. Atty., and Alan S. Rosenthal, Atty., Dept. of Justice, on the brief), for appellee.

Before HAYNSWORTH and BELL, Circuit Judges, and CRAVEN, District Judge.

PER CURIAM.

This is Frances D. Pearman's appeal from the action of the District Court upholding the denial by the Secretary of Health, Education and Welfare of a claim for disability benefits under 42 U.S.C.A. § 416(i) and § 423.

To be entitled to disability payments, the claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *" 42 U.S. C.A. § 416(i) (1) (A) and § 423(c) (2).

The evidence tends to show that claimant, as a result of an automobile collision, has a completely ankylosed right elbow with the joint fused at approximately a fifteen degree angle, and also a completely ankylosed right knee joint; there is no motion whatsoever in any direction in either of these joints. In addition to these impairments, she is unable to completely close the fingers of her right hand. Two of the doctors expressed the opinion that by reason of these impairments, claimant was unable to work in any gainful activity. Beyond

question, these conditions are medically determinable impairments, but that determination does not necessarily entitle claimant to the benefits of the Act. In addition to a medically determinable impairment, it must appear that the impairment causes inability to engage in any substantial gainful activity. Underwood v. Ribicoff, 298 F.2d 850 (C.A.4).

■ The evidence tends to show that this claimant is a woman of considerable intelligence and of good personality; that she has more than ordinary ability and is equipped with a high school education, and was thought by her previous employer to be a valuable employee. Except for the medical impairments noted above, she is apparently in good health and emotionally well-adjusted to her disabilities. Although her last employment was that of cutting samples in a shirt factory, she had previously taught various operations to new employees and had performed a variety of other jobs. After the automobile collision which caused her impairments, her former employer indicated a willingness to reemploy her. Although it does not appear that he knew in detail the extent of her physical impairments, we think the fact of the offer of reemployment certainly held enough hope to require investigation on her part, if, as she sought to prove, she would have gone to work if she had been able to do so. It is significant that she did not consult the rehabilitation officers and did not attempt to obtain from any source any help or advice as to what she might be able to do.

This claimant is able to get around, drive an automobile and write with the aid of a large pen, and can sign her name with an ordinary pen. Under these circumstances, her mere statement that she has been unable to think of anything she thought she could do is not very persuasive in the face of the record disclosure that she has made no effort to obtain employment.

The Hearing Examiner concluded that claimant had failed to establish her inability to engage in any substantial gainful activity and denied her application for benefits under the Act.

We are of the opinion that there is substantial evidence to support his findings and that the District Court properly affirmed the Secretary's decision.

Affirmed.