Bruce P. OLLIS, Plaintiff,

v.

Abraham RIBICOFF, Secretary of Health, Education and Welfare of the United States, Defendant.

Civ. A. No. 2036.

United States District Court
W. D. North Carolina,
Asheville Division.

Sept. 14, 1962.

J. William Russell, Asheville, N. C., for plaintiff.

William Medford, U. S. Atty., Asheville, N. C., for defendant.

WARLICK, Chief Judge.

This is an action by the plaintiff, Bruce P. Ollis, under Section 205(g) of the Social Security Act, as amended (42 U.S.C.A. § 405(g) ) in which he seeks to have reviewed the final decision of the Secretary of Health, Education and Welfare denying his claim for a period of disability and for disability insurance benefits under 42 U.S.C.A. § 416(i) and 42 U.S.C.A. § 423(a).

The plaintiff filed his application to establish a period of disability and for disability insurance benefits on January 26, 1960, alleging therein that he had become disabled in July, 1959, due to cancer and operation therefor. His application was initially denied on August 17, 1960 and his request for re-consideration was denied on November 1, 1960.

The plaintiff then requested a hearing, waiving his right to appear and give testimony. On December 30, 1960, the Hearing Examiner entered a decision denying the plaintiff's claim finding that the plaintiff was not disabled within the terms and meaning of the Social Security Act. The plaintiff then requested a review of the Hearing Examiner's decision which was granted on March 10, 1961. The Appeals Council of the Social Security Board, after receipt of additional evidence, considered the matter and entered a decision affirming the Hearing Examiner and denying the claim of the plaintiff.

Whereupon the plaintiff filed his petition for review in this court on January 8, 1962.

The requested review was heard at Asheville, at which time the plaintiff was not present but was represented by counsel. This hearing was heard on the motions filed by both plaintiff and defendant for Summary Judgment under Rule 56, Fed.Rules Civ.Proc., 28 U.S.C.A.

The term "disability" as defined by the Social Security Act, 42 U.S.C.A. § 416(i) means:

" * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration."

The scope of review in this type of case is well settled. By Section 405(g) it is provided that "The findings of the Secretary as to any fact, if supported by substantial evidence shall be conclusive." And such appeal from the final decision of the Secretary is to be considered on the record transmitted here by the Secretary, considered as a whole. Goldman v. Folson, 3d Cir. 1957, 246 F.2d 776; Harris v. Ribicoff, W.D.N.C., 198 F.Supp. 861.

The sole issue in this case is whether there is substantial evidence in the record to support the Secretary's decision that the plaintiff, having the burden of proof, failed to establish that at the time of the filing of his application that he was unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which could be expected to result in death or be of long continued and indefinite duration.

The record discloses that the plaintiff is 53 years of age, having been born in Ingalls, Mitchell County, North Carolina on November 29, 1908. He completed the eleventh grade in school but has no formal education beyond that. He is married and has five children. For most of his adult life, or at least since 1948 the plaintiff has owned, and in conjunction with his wife operated a small country grocery store in Ingalls, North Carolina. The entire stock of the store is estimated to be of a worth of about $500

and the record discloses that the plaintiff stated in his application that the estimated monthly income from the store is about $73. In addition the plaintiff's wife operates and has a contract for a contract-mail station along with the store. Aside from the income mentioned above, the plaintiff and his wife receive $97 a month from the Welfare Department of Mitchell County to aid in the support of their family.

The record also discloses that for a three year period prior to 1959, the plaintiff had for his principal work that of a truck driver with construction companies. He was so engaged in this type of work when his cancer was discovered in July of 1959.

The medical evidence concerning the plaintiff discloses that he was first seen by Dr. C. A. Patterson of Spruce Pine, N. C., in November, 1959, and that a tumor was found which was diagnosed as cancer of the rectum.

Dr. G. G. Gilbert of Asheville, N. C., reported that he examined the plaintiff on January 5, 1960, and that his examination revealed a carcinoma of the rectum for which he advised immediate surgery.

Dr. H. H. Bradshaw of Winston-Salem, N. C. reported that he first saw the plaintiff on January 6, 1960, and that his objective examination revealed a carcinoma of the rectum. He further reported that he had done an abdominoperineal resection with a permanent colostomy. He stated that the specific restrictions on the plaintiff's activities would be those of any colostomy patient, and that the plaintiff was no longer able to do any hard physical labor.

In a letter dated July 21, 1960, Dr. D. H. Vollmer reported that he examined the plaintiff at the request of the defendant on July 20, 1960. He stated that the plaintiff's perineal lesion had healed completely and that the plaintiff performed irrigation (washing by a stream of water or other fluid) daily with varying degrees of success, that sometimes the plaintiff spent two to three hours a day taking care of his colostomy, including irrigation. Dr. Vollmer's impression was carcinoma of the rectum removed surgically with no definite evidence of recurrence or metastasis, and Hypertrophic Arthritis of the thoracic spine.

In an undated report, Dr. D. L. Phillips of Spruce Pine, N. C. stated that he saw the plaintiff from January 30, 1960 to August 25, 1960, every two weeks. That the plaintiff's subjective symptoms included weakness, nervousness, shortness of breath, pain in back, nausea, difficulty in urination and headaches, and an occasional bleeding from the colostomy wound. His diagnosis was adenocarcinoma, post operative, with left transverse colostomy and anxiety neurosis. Dr. Phillips stated that the plaintiff had little motivation, feels weak, tired and nervous, taking much of his time caring for the colostomy. He further stated that there was no evidence of metastasis at that time, and that the plaintiff had not been able to increase his activity and exercise because of the emotional adjustment problems to his situation.

In a letter dated September 29, 1960, Dr. M. A. Griffin, Jr. reported on his psychiatric examination of the plaintiff on September 28, 1960. He stated that the plaintiff was well oriented in all spheres, his memory was excellent for recent and remote events, there was no evidence of any psychotic process, there were no delusions, or hallucinations present, reasoning powers and judgment were considered to be within normal limits, and the plaintiff exhibited no undue signs of nervousness. Dr. Griffin concluded that plaintiff remained at present in a chronic state of anxiety and tension, which caused a feeling of general weakness, lack of desire to work, feelings of uselessness and incompetency, that plaintiff apparently did not know whether or not the lesion had been completely removed, and feared that every pain meant a return of the malignancy.

Dr. S. W. Vance of Pineola, N. C. reported that he examined the plaintiff from December 1960 until January 24,

1961; that plaintiff's history indicated shortness of breath, nervousness, pains in the genitalia, spasmodic spells of dyspnea, cause unknown, and emotional instability. Dr. Vance diagnosed plaintiff's condition as post operative colostomy for cancer of colon, with possible pelvic metastasis, stated that improvement was highly uncertain and prognosis extremely poor. He further stated that the plaintiff was completely and totally restricted from his former occupation of construction work and was not suitable socially for work indoors due to colostomy. He was of the opinion that the plaintiff was disabled from earning a sufficient livelihood to support his family, that metastasis was suspected at the time of his report, and that the plaintiff was emotionally unstable and unfit for most work.

Dr. James T. Littlejohn of Asheville, N. C. examined the plaintiff at the request of the defendant on April 12, 1961 and reported on April 14, 1961 that he concluded that the plaintiff appeared to have a well functioning colostomy and an anxiety neurosis. An orthopedic disability of the right leg from an old compound fracture which affected the gait, producing a limp, was also noted.

Dr. Fred K. Garvey of Winston-Salem, N. C. further reported that the plaintiff was readmitted to N. C. Baptist Hospital there on April 25, 1961, because of increasing low back pain, dysuria (difficulty in urination) frequency, urgency and nocturia with decreasing caliber of urinary stream. A transurethal resection was done with a diagnosis of "Benign Prostatic Hypertrophy" (an increase in the size of the prostate). The post operative course was uneventful, and the plaintiff was voiding well and getting along fine as far as his urological status was concerned when he was last seen at the hospital.

In denying the claim of the plaintiff, the Appeals Council found that the plaintiff's colostomy, either singly or in combination with the other conditions was not of such severity as to have continuously prevented him from engaging in substantial gainful activity commencing on the date of his application. This finding appears to have been based on the conclusion that the plaintiff was and still is able to engage in clerical (sales) or similar work to that which he did in his own grocery business. The Appeals Council did recognize the fact that the handling of food products would not be a suitable occupation for one with a colostomy, but they concluded that "there are many similar types of clerical work of a light to moderate nature requiring no more capacity for physical effort, education and experience than that which he already possesses."

It is difficult to imagine upon what basis in the record this conclusion was reached. The evidence certainly establishes that the plaintiff can no longer engage in his former occupation of truck driving, or any other type of heavy physical labor. The Appeals Council itself recognized that the plaintiff would not be able or suitable to handle food products, which fact precludes the plaintiff from operating his small grocery store assuming he were able.

As far as management of the store or the conduct of the rural mail station is concerned, all of the evidence tends to indicate that this is not possible as the report from the Secretary's own field representative indicates the plaintiff has never had any experience in this line. The report states:

"He (the plaintiff) has a small country grocery store, about 30' x 30'. He has no other land or farm. From 1953 through July 1959, he was able to wait on customers; however his wife negotiated all purchases, bought the stock, and kept all the records. Since July 1959 he does not wait on any customers nor does he do anything in connection with the business.

"His wife has a sub-contract for the Ingalls rural mail station in the store. This is under her jurisdiction and the claimant has nothing at all to do with it."

■ Thus the evidence clearly establishes that the plaintiff can no longer engage in any of his former occupations. It then becomes necessary to establish just what kind of work the plaintiff could do in which it could be said to be substantial gainful activity. While the burden of proof is upon the plaintiff in this instance, it is not necessary that he eliminate every possibility of employment open to him. Such a requirement of proof would be too stringent and unrealistic to be imposed. Butler v. Flemming, 5th Cir., 1961, 288 F.2d 591; Underwood v. Ribicoff, 4th Cir., 1962, 298 F.2d 850.

■ The only medical evidence as to the plaintiff's ability to engage in some type of clerical work is the opinion by Dr. Vance that the plaintiff was not suitable socially for work indoors due to his colostomy. Indeed, this is the only opinion on the ability of the plaintiff to engage in clerical activity, and the only opinion of any of the physicians on the question of disability of the plaintiff. On this question, Dr. Vance concludes that the plaintiff is unfit for most work. While such a conclusion is not conclusive on the ultimate fact in issue, it does reflect the opinion of the physician on the severity of the plaintiff's impairments, the degree of their development, and his physical and mental capacity to resist or adapt to them, and are proper basis for evidentiary inferences on these matters. Underwood v. Ribicoff, supra.

■ Assuming that the plaintiff was physically and mentally qualified for some types of clerical work, the record does not disclose that he has any other education, training or experience that would qualify him for such work. The plaintiff's only experience as far as the record shows has been that of construction work and the physical labor inherent in the operation of a grocery store. Substantial gainful activity must be within the plaintiff's physical capacity, and it must also be commensurate with his age, educational attainments, training and experience. Harris v. Ribicoff, supra.

■ On this entire record, considering the objective medical evidence, the medical conclusions as to the severity of plaintiff's impairments, the subjective evidence of plaintiff's incapacity, and the evidence of his experience, educational background and age, all of which is uncontroverted for the most part, the only reasonable conclusion to be drawn from all the evidence is that the plaintiff was and is permanently precluded from engaging in any substantial gainful activity by reason of his physical and mental impairments, and that the decision of the Secretary to the contrary is not based on substantial evidence.

Accordingly, the motion of the plaintiff for Summary Judgment under Rule 56 is granted, and a similar motion by the defendant is denied.

Counsel will submit decree.