**Jess P. HYDE, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 697–F.**

United States District Court
N. D. West Virginia,
at Fairmont.

Nov. 30, 1962.

Roderick A. Devison, Fairmont, W. Va., for plaintiff.

Robert E. Maxwell, U. S. Atty., Fairmont, W. Va., for defendant.

HARRY E. WATKINS, Chief Judge.

Plaintiff seeks judicial review of the final decision of the Secretary of Health, Education and Welfare, holding that he was not entitled to disability insurance benefits or to a period of disability under Sections 223(a) and 216(i) of the Social Security Act, as amended. For the reasons hereinafter stated, it is now found that the determination of the Secretary is supported by substantial evidence and that his decision is affirmed.

Plaintiff filed an application for a period of disability and for disability insurance benefits on June 6, 1960, in which he alleged that he became unable to work on November 28, 1959, at age 53, because of lung trouble. His application was denied initially and, on reconsideration, was again denied by the Bureau of Old Age and Survivors Insurance. On November 21, 1961, a hearing examiner of the Bureau of Hearings and Appeals also found that he was not under a disability within the meaning of the Act, and this decision became the final decision of the Secretary when the Appeals

Council denied plaintiff's request for review on January 31, 1962.

Plaintiff met the special earnings requirements during the effective period of the application, and still continues to meet such requirements through December 31, 1964. Based on this application filed on June 6, 1960, the evidence must establish that claimant was under a disability as defined in the Act beginning on or before September 1, 1960, for entitlement to disability insurance benefits, and on or before September 6, 1960, for establishment of a period of disability.

The reports of Drs. Coffindoffer, Garofoli, and Allen are the only medical evidence pertaining specifically to the period between June 6, 1960, and September 6, 1960. The first two doctors mentioned above concluded that plaintiff was precluded from performing any work, but it is significant that their reports show no objective medical findings and tests. On the contrary, Dr. Allen's report shows that he conducted numerous clinical tests and the report contains, in detail, the results of his physical examination and the clinical tests which he conducted to ascertain the scope and extent of plaintiff's impairments. His conclusion is that, while it may be true that plaintiff is precluded from arduous physical labor involved in lifting and carrying 180 to 200 pounds of meat as a butcher, there is no apparent reason why he could not follow lighter non-arduous work. Inasmuch as Dr. Allen was the only physician who submitted detailed findings and made clinical tests, it is not at all surprising that the examiner chose to rely heavily on his findings rather than the unsupported findings of the other two doctors.

Plaintiff has made no apparent attempt to work since November, 1959. The fact that a person does not attempt to get a job that would make use of his residual vocational capacities is of significance. See Gotshaw v. Ribicoff, 307 F.2d 840, and Pearman v. Ribicoff, 307 F.2d 573, both decided by the Fourth Circuit Court of Appeals August 30, 1962.

The record shows that plaintiff has had quite a variety of work experience in the cattle raising and meat processing business, including self-employment as a farmer, buyer of cattle, meat cutter, butchering, and salesman of meat to customers. There would seem to be no reason why he could not still do much of this work.

In Underwood v. Ribicoff, 4 Cir., 298 F.2d 850 (1962), the elements of proof required to establish the existence of a disabling impairment within the meaning of the Act are clearly set forth. Plaintiff has failed to meet the criteria there set forth. There is substantial evidence showing that plaintiff was able to engage in substantial gainful activity at the time under consideration. There would seem to be no useful purpose in remanding the case for further hearing.

Affirmed.