Clayton FIELDS, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

No. 718.

United States District Court
E. D. Kentucky,
Pikeville Division.

June 13, 1963.

Jurisdiction over this action is allowed by 42 U.S.C.A. 405(g) but only to the extent that the court may review the record to determine whether the decision of the Secretary is supported by substantial evidence.

■ Plaintiff applied for benefits on October 28, 1960 listing as his impairments, arthritis in the hips and headaches. He is a man with a second grade education who has worked most of his life in and around the mines. He was born in March 1919. His claim has been denied at each successive administrative level for lack of evidence that would permit a conclusion of permanent disability as defined by the Act. After examining the record, the court has determined that there is no basis for reversing the final decision.

The first item of medical evidence is a letter written by Dr. J. E. Johnson of South Williamson, Kentucky on October 27, 1960 relating:

(1) That plaintiff received a crushing injury in a mine accident;

(2) That the right hip was practically ankylosed (stiffened or united);

(3) That there could be very little manipulation of the hip without pain;

(4) That the right leg is about four inches shorter than the left;

(5) That plaintiff walks with a marked limp and tilted pelvis;

(6) That X-rays reveal elongation and marked absorption of the head of the femur;

(7) That X-rays reveal some derangement of the anterior lip of the body of the second lumbar vertebra;

(8) That plaintiff is suffering from "miner's asthma"

(9) That there is a fracture of the second lumbar vertebra;

(10) That in the doctor's opinion the plaintiff is unable to pursue any gainful occupation.

Harry C. Campbell, Pikeville, Ky., for plaintiff.

Bernard T. Moynahan, Jr., U. S. Atty., Arthur L. Brooks, Jr., Asst. U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, Chief Judge.

■ Clayton Fields brings this action seeking review of a decision by the Secretary of Health, Education and Welfare that he is not eligible for Social Security disability benefits under 42 U.S.C.A. 423.

On January 13, 1961 the plaintiff was examined by Dr. A. A. Grebe of the Miner's Memorial Hospital Association. To the extent that this doctor finds anything that was not reported by Dr. Johnson or that conflicts with Dr. Johnson's letter his observations appear as follows:

(1) There is a thirty degree flexion deformity at the right hip with little or no motion possible at this joint;

(2) Pain in manipulating the right hip suggests unsound arthrodesis (surgical operation in which the cartilage is removed from a joint so that the bones will grow together solidly);

(3) There is an adduction (drawing toward the median line or axis) deformity of from 10 to 15 degrees in the right hip;

(4) X-rays of the spine are essentially negative;

(5) The acetabulum is filled with bone and this together with a history of a suppurative (pus-infested) joint in early childhood suggests the residuals of septic arthritis that has long since been quiescent;

(6) While the plaintiff has a severe handicap, he would not be disabled for work because the trouble in his hip could probably be corrected by surgery.

On April 26, 1961 the plaintiff was examined by Dr. E. M. Delebarre Jr. of the Miner's Hospital Association. This doctor made a rather extensive report and concluded with the following diagnoses: possible chronic bronchitis, mild; arterial hypertension; otitis media, purulent, chronic, left; deformity of the head of the right femur due to an old infection. The doctor adds the comment that there is significant hypertension but that there is no significant pulmonary disease. He further says that the hypertension has not resulted in electrocardiogram changes or cardiac enlargement.

There apparently is no medical evidence that would tend to support the plaintiff's complaint in regard to headaches.

█ The evidence may be categorized basically with regard to whether it relates to orthopedic disorders or pulmonary disorders. As for pulmonary disorders, the only doctor who gives quantitative evidence, Dr. Delebarre, says that plaintiff does not have significant pulmonary disease. The specific findings of Dr. Delebarre are not of such a character that the court could dispute with him on his conclusion. The orthopedic disorders would ordinarily give the court some cause to reflect on the soundness of the Secretary's decision but here the doctor who has reported on them most extensively says that there is a probability that surgical procedures would yield good results. An impairment that is remediable is not a permanent one and does not come within the definition of disability made by the Act. (42 U.S.C.A. 423). Bradey v. Ribicoff, 4th Cir., 298 F.2d 855 (1962); Copelin v. Ribicoff, W.D.Mo., 194 F.Supp. 953 (1961).

Numerous cases involving permanent injuries and afflictions to arms and legs of claimants have been before the courts. As far as I can find, no case comparable to the one at bar has allowed recovery. The courts recognize the fact that literally thousands of people with little or no education who are so handicapped are still capable of substantial, gainful employment.

In Pearman v. Ribicoff, 4th Cir., 307 F.2d 573 (1962), the court sustained the Secretary's denial of benefits to a claimant who had lost all range of motion in an ankylosed elbow and an ankylosed knee. The reasoning of the court can be summarized in the following quotation:

" * * * In addition to these impairments, she is unable to completely close the fingers of her right hand. Two of the doctors expressed the opinion that by reason of these impairments, plaintiff was unable to work in any gainful activity. Beyond question, these conditions are

medically determinable impairments, but that determination does not necessarily entitle claimant to the benefits of the Act. In addition to a medically determinable impairment, it must appear that the impairment causes inability to engage in any substantial gainful activity. Underwood v. Ribicoff, 298 F.2d 850 (C.A. 4)

\* \* \* \* \* \*

"This claimant is able to get around, drive an automobile and write with the aid of a large pen, and can sign her name with an ordinary pen. Under these circumstances, her mere statement that she has been unable to think of anything she thought she could do is not very persuasive in the face of the record disclosure that she has made no effort to obtain employment.

In Aniol v. Flemming, 188 F.Supp. 233 (D.Kan.1960), the decision of the hearing examiner that the claimant was not entitled to determination of a period of disability was affirmed. The plaintiff, a tool crib attendant, had suffered two injuries to one of his ankles and there was evidence that the whole leg was disabled from 35 to 40 per cent. On top of this, he had had only one kidney since he was a child.

The plaintiff in Davis v. Flemming, S.D.W.Va., 186 F.Supp. 79 (1960), suffered from a number of impairments of which the principal one was a "flail" elbow (forearm and upper arm connected only by flesh and ligaments). The court upheld the decision of the hearing examiner which denied a period of disability. Its reasoning is reflected in the following statement:

"Thus, it appears from all the medical evidence, which is thoroughly discussed in the decision of the referee, that plaintiff suffers from several impairments. Of these, however, the three on which he primarily bases his claim of disability are those of the arm impairment, high blood pressure and asthma.

Two of these can be improved by medication or surgery, and more particularly the function of the left arm could be 'markedly' improved by fusion, which plaintiff does not desire. The blood pressure readings, as a whole, do not indicate hypertension to any marked degree. Taken as a whole, this court must conclude that there is substantial evidence to support the findings of the Secretary, and the decision that plaintiff is not entitled to a period of disability must be affirmed."

In Feezer v. Ribicoff, D.Md., 194 F. Supp. 457 (1961), the plaintiff had sustained electric burns that required amputation of his right leg below the knee. The court affirmed the decision of the hearing examiner that the plaintiff was not eligible for a period of disability.

Thus it appears that impairments and injuries of great severity have been held insufficient to establish entitlement to the benefits of the Act. The definition of disability for the present purpose is a narrow one and this court is constantly mindful of its obligation to apply the statute as it is drawn, not according as its natural sympathies may lie.

Plaintiff's hypertension produces the only issue not resolved to this point. While Dr. Delebarre says it is significant, he does not relate his description of it to the ultimate fact of disability. The court is not permitted or qualified to say that the bare presence of hypertension is disabling after the Secretary has found that it is not. The court must accept the inferences of the administrator provided there is some evidence to support them or a lack of evidence to refute them. Crooks v. Folsom, E.D.N.Y., 156 F.Supp. 631 (1957).

The defendant has moved for summary judgment. The court concludes on the basis of the reasoning and authorities presented herein that this motion should be granted. An order sustaining the motion will be entered this day.