Andie HINSON, Sr., Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 1548.

United States District Court
D. South Carolina,
Columbia Division.

Jan. 8, 1966.

Murchison & West, Kenneth L. Holland, Camden, S. C., for plaintiff.

Terrell L. Glenn, U. S. Atty., Wistar D. Stuckey, Asst. U. S. Atty., Columbia, S. C., for defendant.

WYCHE, District Judge.

This is an action asking the District Court to review a final decision of the Secretary of Health, Education and Welfare, in accordance with 205(g) of the Social Security Act (42 U.S.C.A. § 405 (g)). The decision of the Secretary denied the plaintiff the period of disability and disability insurance benefits for which he applied.

The issue in this case is whether there is substantial evidence in the record to support the final decision of the Secretary that plaintiff did not meet the statutory test of disability beginning on or before March 1, 1964, for entitlement to monthly disability insurance benefits under § 223 of the Act (42 U.S.C.A. § 423), and on or before March 2, 1964, for the establishment of a period of disability under § 216(i) of the Act (42 U.S.C.A. § 416(i)).

The evidence is uncontradicted that plaintiff suffered a severe heart attack on May 11, 1963, and was admitted to the hospital on that date and remained for ten days as a patient of Dr. B. W. Marshall, Jr., an internist. At that time Dr. Marshall diagnosed plaintiff's condition as "coronary artery disease with probable myocardial infarction". In a report dated December 3, 1963, Dr. Marshall confirmed his diagnosis of coronary artery disease and stated that he had seen the plaintiff about every month since May 11, 1963, that he had last seen him on November 25, 1963, and that plaintiff should indulge in no strenuous activities, the diagnosis being arteriosclerotic heart disease, Class III, and dyspnea and angina produced by fast walking, emotional upset. In a letter dated January 3, 1964, Dr. Marshall expressed an opinion that plaintiff's condition was so severe as to prevent him from requiring plaintiff to do a simple Masters exercise examination. On February 7, 1964, Dr. Marshall's third report stated that plaintiff's condition was unchanged. A statement by Dr. Marshall dated June 30, 1964, reaffirmed the finding of Class III functional cardiac classification. Dr. Marshall again examined plaintiff on August 6, 1964, and again concluded that plaintiff's functional cardiac classification was Class III, and stated that this was certainly true with regard to plaintiff's usual work.

The plaintiff was examined by Dr. T. E. Hair on July 10, 1964, upon the request of the Secretary. Chest x-rays performed by Dr. Hair revealed enlargement of the heart. Electrocardiogram was compatible with old infarction. Plaintiff, after exercise, was short of breath, and had severe shortness of breath on more strenuous exercise. Dr. Hair indicated that angina pectoris was present.

Plaintiff says that since his first heart attack in May, 1963, because of chest pain and shortness of breath, he has been unable to do any work. He said he did not think about trying to work, since he

lived in fear that another attack would result in his death. He remains in bed most of the time and sits around watching television. He has ceased all recreational activities and hobbies, including hunting and fishing. He has been taking nitroglycerine. He said that he can do no walking and gives out after running short distances.

Plaintiff was born August 15, 1908, and completed the eighth grade. He has had no special training. He was first employed as a waiter in 1926. He drove a taxi and operated a cab business. Later he was self-employed and bought and sold livestock, produce, cars and farm equipment. He has also raised and trained for sale dogs and monkeys.

■ ■ While it is true that a claimant has the burden of proving his inability to perform any substantial gainful activity, it is not expected that this burden shall be carried to a point beyond a reasonable doubt. Furthermore, the question of whether a claimant is disabled, as that term is used in the Act, is an inquiry which must be directed to that particular individual, not to a theoretical average man or even to an average claimant. Thomas v. Celebrezze, 331 F.2d 541 (CA 4, 1964); Ollis v. Ribicoff, 208 F.Supp. 644 (W.D.N.C.1962). "The statute must be given a reasonable interpretation. It is a remedial statute and must be construed liberally. It was not the intention of Congress to impose a test so severe as that required by the Secretary and to exact as a condition precedent to the maintenance of a claim the elimination of every possibility of gainful employment." Klimaszewski v. Flemming, D.C., 176 F.Supp. 927, 931, 932. This record shows that not only has the plaintiff successfully met his burden, but the Secretary's affirmative finding that the plaintiff could continue to do in an income earning capacity that which he previously did, is a conclusion without substantial foundation.

■ The medical evidence that the plaintiff suffers from a disability is uncontradicted. The only conflict is as to the extent of his residual capacity. Nor-mally, it is for the Secretary and not the courts to resolve conflicts in the evidence. Snyder v. Ribicoff, 307 F.2d 518, 520 (CA 4, 1962). But where the Secretary places reliance upon one portion of the testimony to the disregard of overwhelming evidence to the contrary, the Secretary's conclusions may not stand. Thomas v. Celebrezze, supra.

The doctor who was intimately familiar with plaintiff's medical condition, Dr. Marshall, concluded that plaintiff's functional cardiac classification was Class III, and stated that this was certainly true with regard to plaintiff's usual work. On the other hand, there was the examination of Dr. Hair, hired by the Social Security Administration to evaluate plaintiff's condition. He indicated that the plaintiff had angina pectoris and assigned an American Heart Association functional classification of II. This report is on the basis of one examination.

The evidence from the entire record, read as a whole, can lead to only one conclusion; the earning capacity and capabilities of the plaintiff to engage in substantial gainful activity are negligible, if non-existent, and have been since May 11, 1963. Continuation of work in the face of medical opinion in this case would be contrary to reasonableness and no prudent person would accept the dangers to life such a course would pose.

■ I must, therefore, conclude that the findings of the Hearing Examiner as to the establishment of a period of disability and disability insurance benefits are not supported by substantial evidence on the record considered as a whole and under the appeal given by 42 U.S.C.A. § 405(g), the conclusions of the Secretary that the plaintiff was not entitled to the period of disability and disability insurance benefits were erroneous and must, therefore, be reversed.

It is, therefore, ordered, that the decision of the Secretary in this case be and the same is hereby reversed, with direction that judgment be entered for the plaintiff, and that the motion of the defendant for summary judgment be and the same is hereby denied.