**Anna W. GADEN, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 66–100.**

United States District Court
D. South Carolina,
Spartanburg Division.

Received Nov. 16, 1966.

Decided Feb. 2, 1967.

John D. Long, III, of Long & Long, Union, S. C., for plaintiff.

John C. Williams, U. S. Atty., and Robert O. DuPre, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

This is an action for judicial review of a finding by the Secretary of Health, Education and Welfare that the claimant failed to prove her disability, and therefore her entitlement to Social Security disability benefits. The claimant at this late date has undertaken the burden of proving she was disabled within the meaning of the Social Security Act prior to March 31, 1947, the last date on which she met the earnings requirement. Although proof of the state of one's productive ability so far back in time is no doubt a difficult task, it is not an impossible one, and in this case the claimant was able to introduce objective clinical evidence and expert medical opinion on her behalf which was contemporaneous, or closely so, with the time in which her disability must have been incurred.

The denial of her benefits was based solely on the reasoning of the hearing examiner that the claimant had not sustained the burden of proof. As the examiner regarded the matter, she had the "risk of non persuasion;" she took it and she lost.

When the principles of law, which are controlling here, are applied to the evidence of record in this case, a contrary decision is compelled. The decision of the Secretary is reversed.

Since the claim was approached by the examiner on an appraisal of whether or not the burden of proof was carried, it becomes necesary to review the claimant's evidence. The findings of the examiner's opinion are as follows:

Observations noted by the Hearing Examiner were that the applicant appeared to be about her stated age. She was very short of breath and her legs were quite discolored, scarred, and swollen from the ankles to the knees. She claimed she could not wear supportive measures; elastic stockings cause a breaking out that is impossible to cure on her legs. The applicant appeared sincere in her testimony. Upon being questioned, she stated that she had not previously filed an application for period of disabilty or disability insurance benefits because a number of years ago she had been told she would not meet the earnings requirements and, therefore, would not be eligible.

\* \* \* \* \* \*

A statement under date of April 22, 1964, completed by Dr. P. K. Switzer, Sr., general practitioner, notes that the claimant was examined and treated during the period 1942 through 1949. She was obese (174 pounds) and had varicosities in both legs. Blood pressure was 130/100; on occasions she had a trace of sugar in the urine; also albumin because of cystitis. She was advised not to stand on her feet.

Records of the Greenville General Hospital show that the claimant's chief complaint referred to "varicose veins". General appearance of this 43-year old female was not remarkable. Blood pressure was 120/80. Examination of the heart, lungs, abdomen, bones and joints, and reflexes was negative. On March 24, 1948, the claimant underwent a bilateral high ligation and stripping of the saphenous veins. The claimant was discharged on March 30, 1948.

Dr. Harold P. Hope, also a general practitioner (part-time specialty in surgery), reported that he had been the claimant's personal physician since about 1945 or 1946. He stated she had been admitted to the hospital on numerous occasions as well as having been bed-confined for thrombophlebitis and cellulitis of the lower extremities. In addition to difficulty with eczema as a result of varicose veins, he mentioned chronic pulmonary emphysema and fibrosis with frequent episodes of bronchitis and bronchial asthma. He noted mild congestive heart failure. Blood pressure without therapy was said to be 220/110 and with therapy 190/100. Medication consisted of Digitalis and Diuril. The physician stated that the

claimant was totally and completely disabled to do any type work.

\* \* \* \* \* \*

After this summary there follows abundant evidence regarding the post critical period to the present. The examiner states that at present "there is little doubt that the claimant is now unable to perform any substantial gainful activity," but that she did not prove disability as of the critical date. He relied on the rule in Gotshaw v. Ribicoff, 307 F.2d 840 (4th Cir. 1962), that the presence of a medically determinable impairment does not automatically entitle one to disability benefits. He also dismissed Switzer's advice as merely an admonition that plaintiff "stop standing on her feet." The evidence given by Doctor Hope was given no weight on the basis that the examiner discovered that the operation for varicose veins did not occur until 1948.

Each of these positions is beyond reason. A doctor's warning to a patient to get off her feet is not substantial evidence she is not disabled. The claimant testified that the doctor told her to stop work. Her version is more in harmony with the doctor's warning than is the gloss placed on it by the examiner.

■ That the operation for a condition is given after the condition makes it necessary is a proposition that, if not a truism, is at least the usual train of events. That the operation for vein stripping occurred in 1948 does not indicate with any reasonable weight that the impairment was not present beforehand. It is at least no grounds for wholly discrediting the doctor's opinion that the "claimant was totally and completely disabled to do any type work." In this instance we have the claimant's and her physicians' evidence as to her disability. It is unequivocal. There is no countervailing evidence at all. The examiner's dissatisfaction with the claim was based only on surmise and conjecture that the evidence submitted was somehow faulty and inadequate. The court cannot agree. It is not expected that the claimant's burden should be carried to a point beyond a reasonable doubt. Cyrus v. Celebrezze, 341 F.2d 192 (4th Cir. 1965); Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1965); Ollis v. Ribicoff, 208 F.Supp. 644 (W.D. N.C.1962). The evidence on her behalf is supported by both objective clinical findings and expert medical opinion, and it is amply persuasive that she was unable to work by the amended test of disability—that is for an impairment which could be expected to last for a "continuous period of not less than twelve months." 42 U.S.C.A. §§ 416(i), 423(c) (Supp.1965). This is further supported by her subsequent operation and general medical history and undisputed present disability.

■ The court is not bound to sustain a denial of benefits where the claimant has raised serious questions and the evidence affords no sufficient basis for a negative answer by the Secretary. Miracle v. Celebrezze, 351 F.2d 361 (6th Cir. 1965). Moreover, where the questions presented concern ultimate conclusions to be drawn from evidentiary facts which are not in dispute, the court is not bound by the legal conclusions or the conclusiveness of the findings of the Secretary. E. g., Electric Materials Co. v. Commissioner cf Internal Revenue, 242 F.2d 947 (3rd Cir. 1957); Miller v. Ribicoff, 209 F.Supp. 460 (E.D.Pa. 1962). The court is of the opinion that the claimant has sustained her burden of proof and that the decision of the Secretary should be reversed.

The decision of the Secretary is hereby reversed. The Clerk will enter judgment accordingly.

And it is so ordered.