**Margaret L. BURRELL, Plaintiff,**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. T–4371.**

United States District Court
D. Kansas.

Nov. 24, 1969.

---

James L. Rose, of McCullough, Parker, Wareheim, LaBunker & Rose, Topeka, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., by Elmer Hoge, Asst. U. S. Atty., for defendant.

## ORDER GRANTING JUDGMENT TO CLAIMANT

TEMPLAR, District Judge.

On October 31, 1968, this Court, after an exhaustive consideration of the record in this case, filed its Memorandum of Decision directing that the Secretary (defendant) determine the issue of disability presented in conformity with the views expressed therein and remanding the case to the Secretary for that purpose.

The Court is now presented with a supplemental certification, dated January 30, 1969, and containing among other things a "Decision of Appeals Council" which is nothing more than a restatement of the decision of the Appeals Council's earlier findings certified under date of March 4, 1968, and is a reaffirmation of them.

This Court will not again set forth its review of the record in this case for that was done in the Court's Decision of October 31, 1968.

This Court felt then, as it does now, that the conclusion of the Appeals Council that plaintiff did not establish a condition of disability was clearly erroneous and not supported by the evidence but that the evidence in the record clearly requires a contrary finding of disability commencing prior to June 30, 1965, when she last met the special earnings requirement of the act.

Congress permits an insured under the act to institute proceedings for the purpose of reviewing the findings of the Secretary. 42 U.S.C. § 405(g). Though the scope of the review is quite limited, when an action for review is instituted, this Court is required to spend hours laboriously examining the record in order to determine whether the findings of the Secretary are supported by substantial evidence. It would seem unreasonable to believe that Congress would impose this duty and time-consuming responsibility on a trial judge if it had not intended for such judge to do more than simply affirm the decisions of the Hearing Examiner and the Appeals Council pro forma. Though the statute makes the findings of the Secretary on a social security benefit claim conclusive if supported by substantial evidence, this means that a trial court, on review, will view the record as a whole to determine whether or not the finding is supported by substantial evidence and to see to it that the administrative agency does not act arbitrarily or capriciously in denying just claims or allowing unworthy ones. Blankenship v. Celebrezze, 232 F.Supp. 229 (S.D.W.Va., 1964).

A court is not to try the case de novo but should not abdicate its traditional functions and cannot escape its duty to scrutinize the whole record in a case to determine whether the conclusions reached are rational, and where it finds that reliance has been placed upon one portion of the record in disregard of overwhelming evidence to the contrary, then the Court is bound to decide against the Secretary on application for disability benefits, and may modify or reverse the Secretary's decision with or without remanding for rehearing. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964).

The United States Supreme Court has defined the term "substantial evidence"

in NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, Syl. 4, 59 S.Ct. 501, 83 L.Ed. 660, saying:

"Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' [Citation] and it must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."

The statute, 42 U.S.C.A. § 416(i), defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration * * *." While it casts upon the claimant the burden of proving that such a disability exists, it is not expected that this burden shall be carried to a point beyond a reasonable doubt. Ollis v. Ribicoff, 208 F.Supp. 644 (W.D.N.C., 1962). There really are two steps to a finding of disability: first, a finding of a "medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration" and, second, a finding that the impairment in fact causes an inability to "engage in any substantial gainful activity * * *." Butler v. Flemming, 288 F.2d 591, 593 (5th Cir. 1961). But in regard to the second step, the abstract "average" man is not the criterion. The inquiry must be directed to the particular claimant; not to people in general or even claimants in general. Pearman v. Ribicoff, 307 F.2d 573 (4th Cir. 1962).

The finding against plaintiff made in this case was arrived at by the simple expedient of excluding from consideration on one pretext or another the medical evidence that confirmed the condition of disability as claimed by plaintiff herself and to which she testified.

It is not necessary that plaintiff be bed-ridden to come within the statute's provisions. Neither is she required to try to sell apples. She is not required to meet every remote possibility which may be conjured up. The denial of this claim by the Secretary, if it can be supported at all, must rely on the reports of Dr. Sweeney who examined her on two occasions. This doctor managed to report that in his opinion "this patient is not at the present time (June 1, 1963) totally disabled for gainful employment." However, this opinion was modified by the statement, perhaps inadvertently overlooked by the Secretary, that this could be done "with appropriate medical therapy and possibly psychotherapy." He does not mention what this appropriate therapy might be, and success from treatment not described is speculative to say the least. Dr. Sweeney's second report (July 2, 1965) contains an opinion hedged with "ifs" and "possibilities." A denial of benefits should not be withheld from this claimant on this kind of evidence in the face of the findings of treating physicians and the convincing facts and circumstances of the case.

This Court is impressed with the admonition contained in Mefford v. Gardner, 383 F.2d 748 (6th Cir. 1967), at 761:

"Merely because a physician states that an applicant is not suffering from an impairment that precludes him from engaging in substantial gainful activity; that he has only a slight limitation of activity; and that he should be able to do some work, is not substantial evidence that applicant can engage in substantial gainful activity, when viewed in the light of the evidence of other doctors who had continuously treated applicant, and testified to the contrary, and in the light of the facts reflected in the transcript as a whole.

"The foregoing authorities clearly enunciate the law to the effect that it is the duty of courts to examine meticulously the evidence, no matter how

burdensome that duty is, because of the helter-skelter nature of the records in these cases, and not adopt the facile way of disposing of an injured applicant's case by reference to, and reliance upon, the statements of one or two physicians, as against the considered statements of many physicians and surgeons who have had more opportunity of examining and treating the applicant, more occasions of making medical reports upon him, and more expertness in diagnosis, as well as upon consideration of the facts reflected in the transcript as a whole."

This Court took the time to review the entire record in this case and upon the facts reflected in the transcript as a whole must conclude that the decision of the Secretary should be reversed and the claim of plaintiff be allowed.

The Court finds from the record that plaintiff did become totally disabled prior to June 30, 1965, and was so on or before May 20, 1965.

Plaintiff's counsel will prepare, circulate and submit an appropriate form of judgment to be entered.