John B. RICE, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 2694.

United States District Court
S. D. Alabama, S. D.

Oct. 15, 1962.

Vincent F. Kilborn, Mobile, Ala., for plaintiff.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., William A. Kimbrough, Jr., Asst. U. S. Atty., for defendant.

DANIEL HOLCOMBE THOMAS, District Judge.

This is an action under Section 205(g) of the Social Security Act, as amended (42 U.S.C.A. § 405(g)), to obtain judicial review of a decision of the Secretary of Health, Education and Welfare, which denied plaintiff's claim for certain Social Security disability benefits. The Secretary's final decision holds that the plaintiff failed to establish that he was disabled within the meaning of the law.

The sole issue in this case is whether there is substantial evidence in the record to support the final decision of the Secretary that the plaintiff is not entitled to the benefits sought by him under the provisions of the act.

■ The "substantial" evidence required to support the Secretary's decision means more than a scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion. Aaron v. Fleming, 168 F.Supp. 291, 294 (U.S.D.C.M.D.Ala.1958), citing Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126.

The disability that the plaintiff seeks to establish is defined in Sections 216(i) and 223 as: " * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or *mental* impairment which can be expected to result in death or to be of long-continued and indefinite duration." (Emphasis supplied). This plaintiff alleges he is unable to work because of a severely disabling psychoneurosis, of the anxiety type with hypochondriacal depressed manifestations.

■ The test of disability under the Act is not, in spite of the fact that the Congressional history indicates a strict policy of application, commensurate with "helplessness", "bedridden", or "at death's door". Aaron v. Fleming, supra.

■ The preferred test enunciated by the courts requires the consideration of many related factors concerning the plaintiff's background, experience, training and his physical and mental capabilities. Also pertinent are the kind and types of work no longer accessible to the plaintiff. In addition, the absence of any indication of any specific work less exacting within the plaintiff's residual competency and reasonably available to him as a prospective source of employment in the general area where he resides should also be noticed by the court. Butler v. Flemming, 288 F.2d 591, 595, (5th Cir. 1961).

In order for the court to arrive at a conclusion compatible with sound logic

and just principles, it is necessary to relate the above test to the facts of this case. The plaintiff is a fifty-three year old married, white male. He was previously married, and attributes the failure of that marriage to his nervous condition. There is one child of the first marriage, but no children of his present marriage. The plaintiff has a seventh-grade education. His technical training consisted of several weeks of night mining-school, covering courses in mine safety and first aid. He has had no other formal education or on-the-job training.

Coal-mining was the principal source of the plaintiff's adult employment. He worked "off and on" in the mines for twenty-six years. When his employer went out of business, he attempted several jobs, none of which he was able to hold over six months at a time.

The plaintiff was rejected for military service in World War II because of psychoneurosis. He suffered a mental breakdown in approximately 1931, at the age of twenty-two. This illness did not result in hospitalization, but caused much loss of time from the plaintiff's job in the years that followed.

Plaintiff is 5′ 9½″ tall, and weighs but 128 pounds. He has a past medical history reflecting tuberculosis and heart trouble, but he does not base any claim for disability upon these physiological manifestations. Plaintiff bases his entire claim for Social Security benefits upon his mental aberration.

As stated previously, the only major line of work pursued by the plaintiff was that of a coal miner, with the exception of two brief periods of seasonal work as a cemetery caretaker, and one period of some two-months duration in 1959, when he was employed by an exterminating company. The plaintiff's testimony shows that he has not worked since 1959, that he is able to drive a car "a little" (approximately 5 miles per day maximum), that he has had no accidents while driving his automobile, and that he retains the residual capacity to cook "a little bit", wash dishes occasionally, mow grass with a power mower, and tend to his yard and flowers.

The plaintiff owns his own home, self-evaluated at approximately $10,000. His sole source of income is his wife's earnings, which he testified were $35.00 per week.

The medical evidence tends to substantiate all of the plaintiff's statements, both as to his physical and mental condition. The examining physicians found the plaintiff "unable to work"; suffering from "psychoneurosis with severe anxiety"; "totally incapable of sustaining himself at any gainful occupation"; and with a prognosis that "it was quite unlikely that the plaintiff would show any improvement on presently available therapeutic regimes." Another report represented the plaintiff as "a severely disabled psychoneurotic * * *", and felt him to be "totally incapacitated for any gainful pursuit". (emphasis supplied).

This court is well aware that the burden of proving the disability claimed rests upon the plaintiff; but the mere theoretical ability to engage in substantial gainful activity ceases to remain a valid basis for rejecting a claim if there is no reasonable opportunity for this available. Close scrutiny of the record discloses no finding by the Secretary reflecting the actual extent of the plaintiff's impairment and what, if any, residual capacities he possesses.

■ It becomes obvious, after careful consideration of the facts relevant to the personal history of the plaintiff, and after application of these facts to the test previously set out by the courts, that the decision of the Secretary denying the claim is not supported in the record by substantial evidence and should be reversed and remanded.