**Annie M. BROWN, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. AC/804.**

United States District Court
E. D. South Carolina,
Columbia Division.

Nov. 26, 1962.

John C. West, Murchison, West & Marshall, Camden, S. C., for plaintiff.

Terrell L. Glenn, U. S. Atty., George E. Lewis, Asst. U. S. Atty., Columbia, S. C., for defendant.

WYCHE, District Judge (sitting by designation).

This is an action to review a final decision of the defendant, denying plaintiff's application for the establishment of a period of disability and for disability benefits as authorized by the Social Security Act, 42 U.S.C.A. § 405(g), which provides: " * * * The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *."

Plaintiff filed for disability insurance benefits on October 4, 1956, and September 20, 1957, alleging that she first became unable to engage in substantial gain-

ful activity in January, 1952. A later application was made on May 14, 1959, alleging the same. After exhausting her administrative remedies which resulted in a denial of review by the Appeals Council on July 18, 1961, plaintiff filed her complaint in this court on August 28, 1961.

This action is authorized by Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), and the final decision contemplated by that section was the denial of review of the Appeals Council on July 18, 1961. The Secretary duly answered and on June 25, 1962, moved for summary judgment on the ground that no issues of fact remained to be decided.

The only question for determination is whether the decision of the Secretary is supported by substantial evidence.

The sole issue before the Secretary was whether plaintiff came under the disability contemplated by the Act, in that she was continuously unable to engage in any substantial gainful activity from any time up through March 31, 1957, the date she last met the earnings requirements of the Act or from any time up through the date she filed her last disability application, because of any medically determinable impairment or impairments.

Section 216(i) (42 U.S.C.A. § 416(i)) of the Act is substantially the same as Section 223(c) (2) of the Act (42 U.S. C.A. § 423(c) (2)), which reads as follows: "The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration, * * *."

Plaintiff is a fifty-seven year old woman, born September 21, 1905. She has had three years of schooling, can hardly read and write. She has worked in a cotton mill since she was eleven years old and was a spinner in Springs Mills in 1952, when she became unable to work due to pain in her back and lower stomach when standing for any length of time.

As early as 1949, a doctor in Rock Hill informed plaintiff she had arthritis of the spine, which condition apparently has grown worse over the years. On October 5, 1956, Dr. R. Y. Wescoat, of Lancaster, South Carolina, examined plaintiff and found that she had arthritis of the spine, had had it since 1952, and in answer to "Have you advised applicant not to work?" answered, "No" and added, "but I doubt that she can". Dr. Wescoat wrote on July 15, 1958, "This is to state that Mrs. Brown (plaintiff) has coronary insufficiency and probably is totally and permanently disabled". He further said that she was affected by hypertrophic arthritis of the spine, among other things. In a statement made on June 12, 1959, Dr. Wescoat said plaintiff had been admitted to a hospital in 1956, with "chest pain probably of cardiac origin * * * most likely angina pectoris". This diagnosis was reaffirmed on July 10, 1959, when Dr. Wescoat stated that "She (plaintiff) is permanently and totally disabled and was so disabled as of March 31, 1957."

On a medical report filled out by Dr. Herbert Schreiber of Camden, on May 24, 1959, the following information appears: "Date applicant became unable to work. ..... 3-31-57 Subjective symptoms. .....Persistent Chest Pain with radiation into arms. Objective findings...... Enl. Heart. Acute anginal episode. Is condition static?......Yes If not, what optimum improvement can be expected, if any?.... Never Describe restrictions on patient's activity.... Pt. has sever episodes on simple exertion. What kind of and amount of activity or stress results in (2) Angina? Light work." Dr. Schreiber summarized his examination of the plaintiff as follows: "I have been following Mrs. Annie Brown since June of 1958. At the time of her first examination, I made a diagnosis of Angina with Chronic coronary insufficiency. At that time, she gave a history dating back three years. Since then, there has been slow progression in her attacks, in frequency, intensity of pain, and increasing dyspnea on exertion. I attended her in December of 1958 and in September of 1959 with attacks of anginal pain that required narcotics for ease. I re-examined this pa-

tient on December 8, 1960, with reconfirmation of her history, particularly in the limited housework she can do. At this time I found her blood pressure was 180/104. Her heart enlarged to the left clinically. There were occasional dropped beats which were of little significance. Flouroscopy confirmed the cardiac enlargement, without any pulmonary congestion. There was free diaphramatic movement."

Dr. Schreiber further said that when plaintiff attempted a simple exercise routine, her pulse went to 144 and no further exercise was attempted, and that plaintiff has angina pectoris, has had it since 1956; it is fairly severe and she is "totally disabled" due to chronic insufficiency and has been since 1956.

After a similar examination of the plaintiff on April 9, 1960, Dr. Schreiber said he definitely believed her to be "totally disabled and is not rehabilitable, and has been so for more than three years".

Later on November 27, 1960, Dr. Schreiber wrote "From my findings based on physical examination and history this patient has been totally disabled since late in 1956" and that "There is no treatment now available that I believe can help this patient."

Dr. John M. Brewer of Kershaw, examined the plaintiff on October 11, 1956, found her suffering from arthritis of the spine, said she became unable to work on January 11, 1952, and said her condition was static.

Dr. Harvey E. McConnell of Lancaster, partially filled out a medical report on plaintiff which contains nothing to indicate whether plaintiff was at that time disabled or whether she was not.

"The statute must be given a reasonable interpretation. It is a remedial statute and must be construed liberally. It was not the intention of Congress to impose a test so severe as that required by the Secretary and to exact as a condition precedent to the maintenance of a claim the elimination of every possibility of gainful employment." Klimaszewski v. Flemming, D.C., 176 F.Supp. 927, 931,

932; Sobel v. Flemming, D.C., 178 F. Supp. 891. In the Klimaszewski case, supra, the Court further said: "[T]he act is concerned not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he has." In these words, the court is giving a clear indication that no "cut and dried formula" will suffice to give the Act the flexibility its purpose requires.

The Secretary's essential findings are not supported by substantial evidence. "Substantial" when it qualifies "evidence" supposedly carries the same significance as when it qualifies "activity", although in the Act (section 223(c) (2), Section 423(c) (2), Title 42 U.S. C.A.) the word "activity" is further qualified by the additional adjective "gainful", which means profitable or lucrative. Hence, it follows that a finding by the Secretary based on evidence that does no more than raise a suspicion or suggests only a possibility or a weak probability that the plaintiff is able to engage in a substantial and gainful activity does not meet the test of "substantial evidence" as used in the Act. "Substantial evidence" means more than a mere scintilla —it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Haxton v. Flemming, D.C., 183 F.Supp. 2. In order to determine the sufficiency of the evidence, in terms of the Social Security Act, the Court must scrutinize the record as a whole and the Court must assume responsibility for the reasonableness and fairness of the decision. Shields v. Folsom, D.C., 153 F.Supp. 733. Though under the Social Security Act, administrative findings of fact, if supported by substantial evidence, are conclusive, on review the Court must examine the record as a whole and must not abdicate the conventional judicial function. Sobel v. Flemming, D.C., 178 F.Supp. 891.

A study of the record in this case reveals, in my opinion, that the Secretary is not supported in his decision by sub-

stantial evidence which will stand in the face of reasonableness and fairness.

IT IS, THEREFORE, ORDERED, That the motion for summary judgment be and the same is hereby denied, and that judgment be entered in favor of the plaintiff. Counsel may submit appropriate Order accordingly.