**Jess R. LIPPERT, Plaintiff,**

v.

**Abraham A. RIBICOFF, Secretary of Health, Education and Welfare, Defendant.**

**Civ. No. 8175.**

United States District Court N. D. California, N. D.

Feb. 18, 1963.

Thomas W. Loris, Sacramento, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., by Robert S. Marder, Asst. U. S. Atty., San Francisco, Cal., for defendant.

MacBRIDE, District Judge.

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended [42 U.S.C.A. § 405(g)], to review a final decision of the Secretary of Health, Education and Welfare, denying plaintiff's claim for the establishment of a period of disability—the so-called "disability freeze"—and for monthly disability insurance benefits.[1] Both parties have moved for summary judgment. Rule 56, Fed.R.Civ.P. (28 U.S.C.A.).

■ Authority for this Court to review a final decision of the Secretary is contained in Section 205(g) of the Social Security Act [42 U.S.C.A. § 405(g)], wherein Congress, in granting such jurisdiction to this Court, expressly imposed the limitation that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. The review by this Court, therefore, is not a trial de novo. This Court may not substitute its own judgment for that of the Secretary and may not reverse the decision below on the ground that, based on its own reappraisal of the evidence, it would have reached a different result. Kraynak v. Flemming (3d Cir., 1959), 283 F.2d 302; Meola v. Ribicoff (S.D.N.Y.1962), 207 F.Supp. 658. The "substantial evidence" doctrine limits the scope of this Court's review to the issue of whether, viewing the record as a whole, there is substantial evidence to support a reasoned determination of the Hearing Examiner after all the evidence supporting, as well as opposing, his conclusion has been taken into account. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; Meola v. Ribicoff, supra. In such examination, however, the Court "must not abdicate the conventional judicial function." Brown v. Celebrezze (E.D.S.C.1962), 210 F. Supp. 692, 694.

From the certified record before the Court it appears that plaintiff was born in 1901 and received a formal education through the tenth grade and less than one year of business college training in bookkeeping and banking. His employment history shows a background of experience generally in the nature of heavy manual labor, first as a farmer, then warehouseman, cistern digger, carpenter, power saw operator, foreman over a building crew, hotel manager, and, since his heart attack in 1951, as an animal caretaker, mail clerk and carrier. He has never had any type of office job or "sitting down job" in his life.[2]

In making application to establish a disability plaintiff stated that he had a bad case of arthritis in 1949 and suffered a coronary thrombosis in 1951. He complains generally of cardiovascular and musculoskeletal impairments plus a liver ailment. On June 24, 1957, he filed applications with the Social Security Administration to establish a period of disability and for disability insurance benefits. These applications were first denied by the Bureau of Old-Age Survivors Insurance upon a finding that plaintiff was not under such a disability that would prevent him from doing "substantial

1. 42 U.S.C. § 416(i) provides for the establishment of a "period of disability" which is more commonly known as the "disability freeze." 42 U.S.C. § 423 provides for the payment of disability insurance benefits and defines disability as: "§ 423. * * * (c) For purposes of this section— * * * (2) The term 'disability' means inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required."

2. Record, p. 52.

work in *any* occupation." [3] Upon reconsideration, the Bureau affirmed the initial denial on the grounds that the medical evidence, although showing several impairments, did not show that plaintiff's over-all ability had been so severely affected that he was "unable to do any type of substantial gainful work." [4] He then obtained a hearing before a Hearing Examiner [42 U.S.C.A. § 405(b)], who, on November 24, 1959, denied the benefits and wage freeze upon a finding that:

" * * * the evidence does not establish that he is suffering from any impairment or combination of impairments severe enough to prevent him from engaging in *some form* of substantial gainful activity." Record, p. 18. (Emphasis added.)

And further finding that:

" * * * claimant was not suffering from any medically determinable impairment expected to be of long-continued and indefinite duration or to result in death, of such severity as to prevent [plaintiff] continuously from engaging in *any form* of substantial gainful activity in the then foreseeable future. * * *" Record, p. 18. (Emphasis added.)

There were no appearances by medical witnesses at the hearing. Plaintiff was the only witness (with occasional comments by plaintiff's wife) and the medical evidence consisted solely of the following exhibits:

1. Report of William O. Good, M.D., dated April 11, 1956. Record, p. 88.
2. Report of Yolo General Hospital, not dated. Record, p. 89.
3. Report of R. R. Delgrado, D. O., dated April 15, 1957. Record, p. 90.
4. Report of William O. Good, M. D., dated June 28, 1957. Record, pp. 91–2.
5. Report of William P. Linnane, M.D., dated July 8, 1957. Record, pp. 93–4.
6. Letter from Montrose Memorial Hospital, dated Feb. 13, 1958. Record, p. 95.
7. Report of William P. Linnane, M.D., dated March 25, 1958. Record, p. 96.
8. Letter from William P. Linnane, M.D., to plaintiff, dated May 2, 1958. Record, p. 97.
9. Report of Glenn A. Pope, M.D., dated Sept. 3, 1958. Record, pp. 98–101.
10. Report of George L. Alexander, M.D., dated Sept. 5, 1958. Record, p. 102.
11. Report of Virgil R. Airola, M.D., dated Oct. 14, 1958. Record, pp. 103–104.
12. Two Reports of Sacramento Clinical Laboratory, dated Dec. 16, 1958. Record, pp. 105–106.
13. Letter from William O. Good, M.D., to plaintiff, dated May 27, 1959. Record, p. 107.

In addition, the Record contains the report of Kenneth C. Smith, M.D., for James S. Whitely, M.D., dated June 14, 1960, admitted by the Appeals Council of the Social Security Administration.[5]

A review of the evidence and the findings of the Hearing Examiner establishes that the plaintiff sustained an acute coronary occlusion with myocardial infarction in 1951; that he has moderate arthritis of the spine; that he suffers from coronary artery disease, a coronary insufficiency, hypertension, and angina pectoris (there is a conflict as to the seriousness of the angina. He gets some relief from medication); that he complains of severe pains in left leg and hip, although there is only a little objective orthopedic explanation for such; that he has hepatitis; that he complains

3. Record, p. 78.

4. Record, pp. 86–7.

5. 20 C.F.R. § 403.7.0(c) (2) provides for the receipt of additional evidence by the Appeals Council if necessary for a full determination of the matter.

of arthritis in his upper extremities, but with only minor clinical evidence of it; that he complains of dyspnea on exertion, headaches, and general fatigue; that he complains of a severe pain running from his thigh, around his waist and in his back, but there is conflict in the clinical explanations for it. The doctors seemed in accord, and the Hearing Examiner so found, that plaintiff is not capable of heavy manual labor. Some doctors (plaintiff's treating physicians) suggested only some light activity; others (retained by the defendant) suggested capability from moderate to heavy. It is clear that plaintiff can perform light work as evidenced by his present daily activities. *There is no evidence that he could sustain any particular activity for longer than an hour or so, or without interruption for any length of time.*

The statutory definition[6] of disability imposes a three-fold requirement: (1) There must be a "medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration"; (2) There must be "inability to engage in any substantial gainful activity"; and (3) The inability must exist "by reason of" the impairment. Pollak v. Ribicoff (2d Cir., 1962), 300 F.2d 674, 677; Meola v. Ribicoff, supra, 207 F.Supp. at 663. The Hearing Examiner's findings indicate clearly that the first requirement has been met. Plaintiff's cardiovascular, musculoskeletal and other impairments are definitely medically determinable and can be expected to be of long continued duration. 42 U.S.C.A. § 416(i) (1). As to the second and third requirements the Hearing Examiner, although recognizing that the impairments might well be severe enough to render plaintiff incapable of performing heavy manual labor (which has been plaintiff's previous means of support, Record, p. 52), found that plaintiff did not suffer from any impairments of sufficient severity so as to prevent him from engaging in some form of substantial gainful employment in light or sedentary work.[7] It is the latter finding that principally concerns the Court. The Examiner, implicitly at least, concludes that plaintiff has available to him opportunities for substantial gainful employment in light or sedentary work. Such conclusion is conjectural and speculative under the test laid down in Kerner v. Flemming (2d Cir., 1960), 283 F.2d 916, 921, recently reaffirmed in Pollak v. Ribicoff, supra, and adopted by our own circuit in Graham v. Ribicoff (9th Cir., 1961), 295 F.2d 391, 394.[8] The rule formulated in the Kerner case is that the determination of an applicant's ability to engage in substantial gainful activity "requires resolution of two issues—what can applicant do, and what employment opportunities are there for a man who can do only what applicant can do." Kerner v. Flemming, supra, 283 F.2d at 921; Graham v. Ribicoff, supra, 295 F.2d at 394. The Examiner's finding that plaintiff could engage in light or sedentary work is without factual support in the record and thus violates the above rule, i. e., there is no "substantial evidence" in the record to support the Secretary's findings that Mr. Lippert is able to engage in some form of substantial gainful employment of a light or sedentary nature. "Mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available." Kerner v. Flemming, supra, 283 F.2d at 921. "Also pertinent are the kind and types of work no longer acces-

6. See n. [1], supra.

7. Record, pp. 17–18.

8. The same test has been adopted in other circuits as well. Erickson v. Ribicoff (6th Cir., 1962), 305 F.2d 638, 641; Butler v. Flemming (5th Cir., 1961), 288 F.2d 591, 594; Underwood v. Ribicoff (4th Cir., 1962), 298 F.2d 850, 854; Hawkins v. Celebrezze (W.D.Ark.1962), 210 F.Supp. 341; Ellerman v. Flemming (W.D.Mo.1960), 188 F.Supp. 521; Parfenuk v. Flemming (D.C.Mass.1960), 182 F.Supp. 532.

sible to the plaintiff. In addition, the absence of any indication of any specific work less exacting within plaintiff's residual competency and reasonably available to him as a prospective source of employment in the general area where he resides should also be noticed by the court. Butler v. Flemming, 288 F.2d 591, 595 (5th Cir. 1961)." Rice v. Celebrezze (S.C.Ala.1962) 210 F.Supp. 718, 719. In Graham v. Ribicoff, supra, the Appeals Council took administrative notice of government studies of employment opportunities for persons of the claimant's exact situation. See also, Rinaldi v. Ribicoff (2d Cir., 1962), 305 F.2d 548. The record contains no evidence of just what opportunities are available to a man of plaintiff's background and experience and in his mental and physical condition.

The record does show that plaintiff can perform minor daily chores, such as washing dishes, and that he assists his wife in *her* job as manager of some motel units by answering phones, registering guests, and doing some bookkeeping, all totaling one to two hours of activity a day spread over the entire day and in between rest periods. But certainly the ability to do such menial tasks in such a fashion off and on during the day amounting to only six to twelve hours per week is not activity of a "substantial and gainful" nature even if plaintiff was receiving compensation for his gratuitous assistance to his wife.[9] Rice v. Celebrezze, supra, 210 F.Supp. at 720; Teeter v. Flemming (7th Cir., 1959), 270 F.2d 871, 77 A.L.R.2d 636.

As did the Referee in Underwood v. Ribicoff (4th Cir. 1962), 298 F.2d 850, the Hearing Examiner in this case tended to "fractionalize the several ailments and to treat each one in isolation as a clinical medical problem"[10] rather than treating them within the framework of plaintiff's employment history, background and age. Plaintiff's entire work history demonstrates almost continuous work with his body. A detailed search of the record fails to reveal even a suggestion of support for a finding that Mr. Lippert is prepared by his education, background and employment history to handle a desk job or other sedentary type employment. Plaintiff's short business college course in bookkeeping an undisclosed number of years ago is certainly not a fact of sufficient weight to support a finding on review that he is prepared to handle a desk job. His experience as a cistern digger, farmer, captain of a construction crew and construction laborer clearly fails to qualify him for clerical work. The unsuccessful venture with his wife into hotel managing is also of very little weight and entailed activity he can no longer perform. The Hearing Examiner apparently gave little consideration to the evidence that points to plaintiff's complete inability to do any sustained activity. The record is replete with evidence that plaintiff has orthopedic ailments[11] hampering his movements and ability to sit for any length of time or to walk any distance; that he suffers from pain associated with his liver disease which also affects his ability to carry on any

9. As to the monetary limits to "substantial and gainful" see, Meola v. Ribicoff, supra, n. 4, citing Flemming v. Booker (5th Cir., 1960), 283 F.2d 321, 324, and Hearings before the Subcommittee on the Administration of the Social Security Laws of the House Committee on Ways and Means, 86th Cong. 1st Sess. 925–931, (1950).

10. 298 F.2d at 854.

11. Plaintiff's orthopedic impairments are clearly only moderate by any objective clinical analysis, but from a subjective point of view—principally plaintiff's own statements to the doctors or the Examiner—the pains suffered and the restrictions in movement are severe (whether they be from purely orthopedic causes or partly from his liver ailment or, as suggested by Dr. Airola in his report, partly caused by an arterial insufficiency suggesting intermittent claudication or even from an arterial block in the region of the aortic bifurcation). In any event, such complaints as plaintiff's are said to be notoriously difficult to establish by clinical proof, or any objective finding. Underwood v. Ribicoff, supra, 298 F.2d at 854.

sustained activity; that he has coronary insufficiency, angina pectoris, dyspnea on exertion and hypertension, all of which seriously impair his ability to hold down any position requiring continuous attention or activity. The record is, on the other hand, devoid of any evidence that there are employment opportunities available for the very limited and uncertain services plaintiff offers. "If there is no market for the services he is able to render then he is truly disabled within the meaning of the statute." Ferran v. Flemming (5th Cir., 1961), 293 F.2d 568, 571; Pope v. Celebrezze (W.D.N.C. 1962), 209 F.Supp. 392, 395.

▋▋ The interdependent relationship of plaintiff's ailments and the totality of their effect upon plaintiff's physical and mental capabilities to perform any substantial activity, though misused by the Examiner, was recognized by the doctors retained by the Secretary.[12] The Examiner quoted from Dr. Pope's Report the internist's opinion that it is difficult to evaluate plaintiff " * * * because one sees men with no more disability than this man presents but with proper motivation performing very adequately." Record, p. 16. Dr. Pope concludes: "I'm afraid his lack of motivation will probably interfere with his performing adequately in any position in which he is placed." Record, p. 101. The Examiner apparently relied on these statements to support a finding of no disability. However, the law compels that such medical evidence is more proof of disability rather than the contrary. As was stated in Ollis v. Ribicoff (W.D. N.C.1962), 208 F.Supp. 644, at 648, plaintiff's "physical and *mental* capacity to resist or adapt" to his impairments is a "proper basis for evidentiary inferences on these matters. Underwood v. Ribicoff, supra." [Emphasis added.] Thus, the culminating effect of these many ailments upon plaintiff must be weighed solely on the basis of the effect upon this particular man, not upon what

the effects might be on *others*. "[T]he act is concerned not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he has." Brown v. Celebrezze (E.D.S.C.1962), 210 F.Supp. 692, 694, quoting from Klimaszewski v. Flemming, D.C., 176 F.Supp. 927.

From the above discussion it follows that the finding of the Secretary in this case was "based on evidence that does no more than raise a suspicion or suggests only a possibility or a weak probability that the plaintiff is able to engage in a substantial and gainful activity [and as such] does not meet the test of 'substantial evidence' as used in the Act." Brown v. Celebrezze, supra, 210 F.Supp. at 694. The closest examination of the record herein fails to reveal "substantial evidence" to support a finding that plaintiff is capable of "engaging in some form of substantial gainful activity." Record, p. 18. The Secretary (Hearing Examiner) found that plaintiff was not prevented, by reason of his medically determinable ailments, from "continuously engaging in any form of substantial gainful activity" (Record, p. 18) without any evidence suggestive of just what activity of a *substantial* and *gainful* nature is available to a man in plaintiff's condition and of his background, training, age and experience. Kerner v. Flemming, supra. The findings of the "Secretary" are thus without foundation in fact, law, or reason, and must be reversed.

It is, therefore, ordered that plaintiff's motion for summary judgment be, and the same is, hereby granted, and that judgment be entered in favor of plaintiff. Defendant's motion for summary judgment is denied. Plaintiff's counsel shall prepare an appropriate Judgment in accordance with this Memorandum and Order.

---

12. See, e. g., Dr. Airola's Report at pages 103–104 of Record.