Lester **ROBERTSON**

v.

Abraham **RIBICOFF**, Secretary of Health, Education & Welfare.

Civ. A. No. 2601.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

March 21, 1963.

Arthur Cobb, Baton Rouge, La., for plaintiff.

Gene S. Palmisano, Asst. U. S. Atty., New Orleans, La., for defendant.

WEST, District Judge.

This is an action brought under the provisions of Section 205(g) of the Social Security Act, as amended (42 U.S.C.A. § 405(g)) to obtain judicial review of a decision of the Secretary of Health, Education and Welfare, which denied plaintiff's claim for certain social security disability benefits. The sole issue involved here is whether or not there is substantial evidence in the record to support the final decision of the Secretary to the effect that the plaintiff is not entitled to the benefits sought by him.

The review of the decision of the Secretary by this Court is not a trial de novo. Julian v. Folsom, D. C., 160 F. Supp. 747; Hobby v. Hodges, 10 Cir., 215 F.2d 754, nor is this Court entitled to make its own independent appraisal of the evidence presented to the Secretary. Carqueville v. Flemming, 7 Cir., 263 F.2d 875. This Court may review the record only to determine whether or not the findings and conclusions of the Secretary were supported by substantial evidence. If they are, the Secretary's findings and conclusions are conclusive and may not be disturbed by this Court. This Court may not substitute its own opinion for that of the Secretary if the opinion of the Secretary is supported by substantial evidence or reasonable inferences to be drawn from such evi-

dence. Kraynak v. Flemming, 3 Cir., 283 F.2d 302; Carpenter v. Flemming, 178 F.Supp. 791; Hobby v. Burke, 5 Cir., 227 F.2d 932; Ferenz v. Folsom, 3 Cir., 237 F.2d 46. The substantial evidence which is required to support the Secretary's decision means more than a scintilla. It means such evidence as a reasonable mind might accept as adequate to support a conclusion. Rice v. Celebrezze, D.C., 210 F.Supp. 718.

■■ In this case, the record shows that four doctors, an internist, a surgeon, and two orthopedists, testified, after extensive examination of the claimant, that this claimant had no residual disability from his accident, and that he was able to return to his regular occupation without any disability whatsoever. The claimant did, however, present the testimony of one psychiatrist, who testified that in his opinion the complainant suffered from a traumatic neurosis, and that "he is incapacitated for any kind of employment at present". The Hearing Examiner heard all of this testimony, together with other testimony, and concluded that, in accordance with the testimony of four of the five doctors who testified, the complainant was not disabled from engaging in "any substantial gainful activity" as required by the Act in order to be eligible for the disability benefits therein provided. The complainant now contends that because he bases his claim of disability on a traumatic neurosis, and because of the fact that only one psychiatrist testified, and that his testimony was favorable to the complainant, that it necessarily follows that there is no competent testimony opposed to the testimony of the one psychiatrist who did testify, and that thus, there is no substantial evidence to support the Secretary's denial of his claim. We cannot agree with this contention. It is not necessary, nor would it be proper, in the opinion of this Court, for the Secretary to isolate the different experts and consider each one's testimony standing by itself. To do this would obviously make an intelligent decision impossible. It is the duty of the Secretary, or his Hearing Examiner, just as it is the duty of the Judge in a Court of Law, to consider all of the testimony ad̄uced during a trial before arriving at a decision. Obviously, in this case, the Secretary considered all of the testimony that was presented. It was his duty to consider all of the testimony, and to attach such weight to the testimony of the various witnesses as he, in his judgment, felt it deserved. A review of this record shows that after all of the testimony was heard, the Secretary apparently concluded that the testimony of the four doctors who unqualifiedly concluded that the complainant was not disabled, outweighed that of the one psychiatrist who concluded that the complainant was disabled. This Court cannot quarrel with that conclusion. It was undoubtedly based upon substantial evidence, all of which is in the record which was reviewed by this Court, and as such, must be deemed to be conclusive. Therefore, the complainant's motion for summary judgment herein is denied, and the respondent's motion for summary judgment is granted, and this suit is dismissed at plaintiff's cost.