**Tom SIMMONS, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 8133.**

United States District Court
E. D. South Carolina,
Charleston Division.

July 27, 1964.

Blatt & Fales, Barnwell, S. C., Rosen & Rosen, Georgetown, S. C., for plaintiff.

Thomas P. Simpson, Asst. U. S. Atty., Charleston, S. C., for defendant.

DALTON, District Judge.

This action is before the Court for review of a "final decision" rendered by the Secretary of Health, Education and Welfare disallowing the plaintiff's application for a "period of disability" and for disability insurance benefits under Sections 216(i) and 223, respectively, of the Social Security Act, as amended. (42 U.S.C.A. §§ 416(i), 423).

The plaintiff, Tom Simmons, filed his application for benefits on March 8, 1962, alleging that he became unable to work in September, 1961 as the result of a diabetic condition. He states that he became aware of the condition in January, 1960 while he was employed as a laborer by the International Paper Company, at which time he became constantly tired and began to "give out on the job" in the afternoons. Because of this trouble, he went to the Veterans Hospital in Columbia, South Carolina, where he was diagnosed as a diabetic. In a report dated March 28, 1962 he noted that his employer was aware of his condition and allowed him rest time when it became necessary. In this manner he continued working until September, 1961 when he had to quit because of extreme weakness. He reported that he became unable to lift with his knees and could not stand up for longer than an hour.

The plaintiff's application for disability benefits was denied initially, and upon reconsideration, by the Bureau of Old-Age and Survivors Insurance of the Social Security Administration. Therefore, on August 24, 1962 Simmons requested a hearing by the Office of Hearings and Appeals which was granted, and a hearing was held on February 8, 1963. The hearing examiner found that Simmons had not established impairments of such severity as to preclude him for engaging in any substantial activity, and therefore, that he was not entitled to

benefits under the Act. This became the "final decision" of the Secretary of Health, Education and Welfare on March 29, 1963 when the Appeals Council, after receiving additional evidence, denied the plaintiff's request to review the hearing examiner's decision. The administrative decision is now properly subject to review by this Court.

Tom Simmons was born on May 30, 1913. He is married and at the date of his application had six minor children. His first job was laboring on a farm in 1930. Thereafter, he worked on farms in Horry County and Georgetown County, South Carolina, until 1941 and then went to work for the International Paper Company as a general laborer. With the exception of two years as a Quartermaster truck driver during 1944–1946, Simmons remained at his job with the paper company until he became unable to work.

After his employment status at International was terminated, Simmons made a claim for total and permanent disability benefits under the company's group life insurance plan. His claim was approved and payments begun in March, 1962. (Tr. 85.)

The plaintiff has no special working skills in that most of his work at International was with a pick and shovel. He is a licensed automobile driver and drives his own car. His schooling consists of going to the third grade and he is able to read and write only to a limited extent. According to his testimony, he can do small arithmetic problems and can count money.

The medical evidence indicates that the plaintiff's diabetic condition required his hospitalization on several occasions in the Georgetown County Memorial Hospital. His condition was diagnosed as diabetes mellitus upon entering the hospital on June 29, 1960, at which time he remained hospitalized for nineteen days. Plaintiff was again hospitalized for diabetes on June 9, 1961 and it was also thought that he suffered from a coronary insufficiency. However, during subsequent physical examinations or periods of hospitalization, there was no mention of the existence of this problem. Three months later he was again a patient in the Georgetown Hospital for fourteen days starting September 28, 1961, when his condition was diagnosed as diabetes with acidosis. According to the medical reports filed by Dr. John T. Assey, who was plaintiff's personal physician and who attended him during the above periods of hospitalization, Simmons did well while he was hospitalized. But, according to Dr. Assey, when Simmons undertook to return to work, the condition became unstable and could not be kept under control. (Tr. 72, 78.)

Plaintiff was hospitalized for the third time in 1961, on December 26, when he was admitted to the Veterans Administration Hospital in Columbia, South Carolina, complaining of weakness and nervousness of several months' duration. He was placed on an 1800 calorie diabetic diet and was given insulin treatment. After fourteen days he was discharged under the notation, "Treated; improved", with the diabetes mellitus, "controlled".

He was seen by Dr. C. Lide Williams, an internal medicine specialist, on May 11, 1962. Plaintiff reported at that time that he had felt weak all the time for the past two years. He was taking 50 units NPH insulin in the morning and 10 units of regular insulin at dinner time. He was on the 1800 calorie diet and reported staying on it "fairly well". He was aware that his sugar became elevated periodically because his vision blurred and became dark. It was reported that in 1960 he had weighed 146 pounds. His weight at this time was 127 pounds. Dr. Williams' opinion was that the only malady from which Simmons suffered was uncontrolled diabetes mellitus. There was no expression of an opinion regarding Simmons' capacity for work.

In a medical report dated June 28, 1962, Dr. Assey remarked:

"It has been impossible to control the diabetes condition satisfactorily

while he does manual labor. He has a brittle type diabetes. Have suggested he be relieved of hard manual labor." (Tr. 78.)

In a letter dated July 8, 1963, Dr. Assey wrote:

"He (Simmons) has never been capable of performing any work other than common labor, and up until September, 1961 he worked continuously with International Paper Company in that capacity. In September, 1961 he was hospitalized for diabetic mellitus and since that time has been incapacitated and unable to work. Despite several periods of hospitalization since that time and constant treatment, he has been unable to control this condition, and I can unequivocally say that Tom Simmons is unable to participate in any gainful activity by reason of an unstable diabetic condition, which, in spite of insulin and diabetic therapy, apparently does not remain stable. I feel that he has a very brittle type of diabetic condition, which will preclude him from earning a living doing manual labor, which is the only type employment he is capable of performing." (Tr. 84.)

■ To be entitled to the establishment of a period of disability and to disability insurance benefits, the burden is on the plaintiff to show:

(1) that he is unable to engage in any substantial gainful activity,

(2) that this inability is the result of medically determinable impairments,

(3) and that the inability can be expected to result in death or to be of long-continued and indefinite duration. 42 U.S.C.A. §§ 416(i), 423.

The medical evidence leaves no doubt concerning the existence of a "medically determinable" impairment. Similarly, no question can be raised about the permanency of the condition. In fact, his treating physician expressly stated that in his opinion, "this man's condition is a permanent condition," and would "prevent his being employed in a capacity which he is capable of working for the rest of his life." (Tr. 84.) The only question with which the Court will concern itself, then, is whether or not the plaintiff has established that the condition renders him unable to engage in any substantial gainful activity.

The regulations promulgated by the Secretary under § 205(a) of the Act (42 U.S.C.A. § 405(a)) provide as follows:

"An individual will be deemed not under a disability if, with reasonable effort * * * the impairment can be diminished to the extent that the individual will not be prevented by the impairment from engaging in any substantial gainful activity." 20 C.F.R. § 404.1502(g) (1961).

Thus, if the condition from which plaintiff suffers can reasonably be termed remediable, he would not qualify for benefits under the Act. In this connection, the Secretary lays great emphasis on the clinical record growing out of the plaintiff's latest period of hospitalization. Beginning January 15, 1963 Simmons spent twenty-seven days in the U. S. Naval Hospital in Charleston, South Carolina. Upon his admission, it was noted that he had lost additional weight down to 115 pounds and that since his last prior hospitalization he had been suffering with glycosuria, polydipsia, polyuria and generalized weakness. His insulin treatment was gradually increased until at the time of discharge he was taking 84 units daily. Under hospital conditions his diabetes was controlled and prior to discharge he gained 17 pounds. Based on this evidence, the hearing examiner found that the plaintiff's condition was controllable under the proper insulin therapy and that his condition must therefore be considered remediable. (Tr. 20.)

This Court is of the opinion that this evidence, viewed in context with all the evidence in the record, will not support the inference that plaintiff's condition is remediable insofar as his ability to work

is concerned. Dr. Assey, in his medical reports filed prior to plaintiff's hospitalization in Charleston, noted that Simmons did well while hospitalized and that his condition could be controlled under those circumstances. But he repeatedly found that when Simmons was released and undertook manual labor his condition became unstable and that due to the instability, consistent insulin therapy did not successfully control his diabetes. There is nothing in the record which tends to refute the correctness of these medical facts as found by Dr. Assey.

The hearing examiner also concluded that even if Simmons' physical condition was weakened by reason of diabetes and even if he was precluded from engaging in strenuous laboring activities, this would not preclude him from engaging in other types of gainful activity. It was noted by the examiner that plaintiff was experienced as a truck and automobile driver and thus he found as a likelihood the plaintiff's employment as a taxi driver or truck driver making light deliveries. The examiner also found potential employment for plaintiff as a hotel porter or bus boy due to the proximity of his home to the South Carolina seaside resorts. This Court is of the opinion that the above reasoning of the hearing examiner presents no more than theoretical possibilities for employment of one in plaintiff's position which to a large extent denies the realities of the situation with regard to his condition. The theoretical ability to engage in employment will not prevent the entitlement to disability benefits if no reasonable opportunity for this is available. Kerner v. Flemming, 283 F.2d 916 (2d Cir. 1960); Aaron v. Fleming, 168 F.Supp. 291 (M.D.Ala.1958). It would seem that the finding of a reasonable opportunity for plaintiff's employment in the areas suggested by the examiner overlooks the fact that he is a Negro man over fifty years of age whose education is limited to three years and whose physical condition is quite often hampered by general weakness. This would seem to be enough to preclude his employment without a potential employer even considering the likely occurrences and latent dangers to be found in the physical manifestations of the diabetic affliction.

This Court may not disregard the decision of the Secretary and it may not reverse his decision on the ground that based on its own appraisal of the evidence it would have reached a different result. Kraynak v. Flemming, 283 F. 2d 302 (3d Cir. 1960); Lippert v. Ribicoff, 215 F.Supp. 28 (N.D.Cal.1963). At the same time, however, the Court must not abdicate its conventional judicial function. Brown v. Celebrezze, 210 F.Supp. 692 (E.D.S.C.1962).

Section 205(g) of the Act, (42 U.S. C.A. § 405(g)) provides:

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. * * "

The Court finds that the record in this case does not support the result reached by the Secretary. It is the decision of the Court that the plaintiff, Tom Simmons, with his age, educational attainments, and work history, has carried the burden to establish that he is precluded from any substantial gainful activity.

It is, therefore, ordered and adjudged that the decision of the Secretary of Health, Education and Welfare be and it is reversed and that the cause be remanded with directions to find the plaintiff disabled within the meaning of the Act and to enter a decision accordingly. The defendant's motion for summary judgment is denied.