Thomas A. HOLLAND, Plaintiff,

v.

Honorable Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare of the United States of America, Defendant.

Civ. A. No. 3021.

United States District Court
W. D. South Carolina,
Spartanburg Division.

Sept. 24, 1964.

James B. Stephen, Thomas J. DeZern, Spartanburg, S. C., for plaintiff.

John C. Williams, U. S. Atty., Charles Porter, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, District Judge.

This is an action asking the District Court to review a final decision of the Secretary of Health, Education and Welfare, in accordance with § 205(g) of the Social Security Act (42 U.S.C.A. § 405 (g)). The decision of the Secretary denied the plaintiff the period of disability and disability insurance benefits for which he applied.

Plaintiff met the special earnings requirements in the calendar quarter ending September 30, 1957, the alleged quarter of onset of disability, and continued to meet such requirements through November 9, 1959, the date of filing his disability application. On the basis of the application filed on November 9, 1959, the evidence must establish that the plaintiff was under a disability, as defined in the Act, beginning on or before November 9, 1959, the date of filing the application which is under consideration.

The question before this Court is whether or not the record reveals substantial evidence to sustain the decision of the Secretary.

The prescribed standard of review, found in section 205(g) of the Act, 42 U.S.C.A. § 405(g), is as follows: "* * * The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, * * *." Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The Secretary, and not the courts, is charged with resolving conflicts in the evidence, and it is immaterial that the evidence before him will permit a conclusion inconsistent with his. Snyder v. Ribicoff, 307 F.2d 518, 520 (4th Cir., 1962). If his findings are supported by substantial evidence, the courts are bound to accept them. Underwood v. Ribicoff, 298 F.2d 850 (4th Cir. 1962). In short, the courts are not to try the case de novo. At the same time, they must not abdicate their traditional functions; they cannot escape their duty to scrutinize "the rec-

ord as a whole" to determine whether the conclusions reached are rational. Universal Camera Corp. v. NLRB, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); Boyd v. Folsom, 257 F.2d 778 (3d Cir. 1958). If they are, they must be upheld; but if, for example, reliance has been placed upon one portion of the record to the disregard of overwhelming evidence to the contrary, the courts are equally bound to decide against the Secretary. Park v. Celebrezze, 214 F.Supp. 153 (W.D.Ark. 1963); Corn v. Flemming, 184 F.Supp. 490 (S.D.Fla.1960). In such a circumstance the courts are empowered either to modify or reverse the Secretary's decision "with or without remanding the cause for a rehearing." 42 U.S.C.A. § 405(g). See, Thomas v. Celebrezze, 331 F.2d 541 (4th Cir., 1964).

The plaintiff was born June 4, 1904. He is now sixty years old and the evidence shows that his appearance and movements are those of a much older person. He walks with the use of a cane. He owns no automobile and has not driven one for some time. He last worked as a Santa Claus at a Spartanburg department store during the Christmas season of 1958, and with the exception of a few months of laboring in the construction trade, nightwatching for short periods and doing "odd" jobs, has, since his seventeenth year, been principally engaged as a textile employee.

Mr. Holland's first wife deserted him in 1926 or 1927, and removed to Georgia, where presumably she obtained a divorce. Thereafter, during the year 1938, he married Emma Cooper, a woman several years his senior, who has been an invalid without the use of her legs since early childhood. They have no children and live together in a small five-room, frame house in the Arkwright section of Spartanburg County, South Carolina, without water or bath facilities. Even though Mrs. Holland is confined to a straight chair when not in bed she attends to her own personal needs. Plaintiff sweeps and cleans the house from time to time, gets water from the well and brings in fuel for the fire in wintertime. The only

funds to provide for their existence is a monthly pension his wife receives.

Plaintiff's counsel say in their brief that they cannot deny that Mr. Holland has almost always been a marginal worker, as is contended by the defendant in its brief. He has changed jobs often. However, the record does not indicate "that he usually quit his jobs". Many of the jobs have been those of known short duration. He has probably been considered inept both occupationally and socially. The evidence reflects that in many respects he is a naïve, credulous individual who has been tossed from "pillar to post" in his efforts to provide a meager existence for his small household. Most of his jobs have been very strenuous, requiring great physical stamina, such as lifting, stacking lumber, mixing mortar, driving a truck delivering groceries, coal and wood, climbing three flights of stairs and loading trucks. He has always been a heavy person. He finished the seventh grade in school. He can read a little bit, "but can't write so well".

■ Plaintiff's work background and occupational difficulties are referred to because the inquiry as to whether there is a disability must be directed to the particular claimant, in this case, Mr. Holland; and not to people in general or even claimants in general. Pearman v. Ribicoff, 307 F.2d 573 (4th Cir., 1962). The abstract "average" male is not the criterion in determining whether the impairment causes inability to "engage in any substantial gainful activity." Thomas v. Celebrezze, supra.

The evidence discloses that this claimant is not "average" as the term is commonly defined, but never matured emotionally, socially or occupationally. His impairments and the effects thereof must be judged accordingly.

Since November, 1959, plaintiff has attempted to obtain employment. He asked for work at Whitney Mills. He called a Mr. Tripp at Arkwright Mills. He went to Glendale Mills to Lyman Mills and he asked Mr. Coghill for work on a

·farm, and he tried to get construction work at a motel.

■ Upon review of the entire record in this case, and using the case of Underwood v. Ribicoff, 298 F.2d 850 (4th Cir., 1962), as a guide, the evidence demonstrates the existence of a disability within the meaning of the Social Security Act. Plaintiff's impairments are shown by clinical findings. Dr. D. C. Alford, plaintiff's treating physician, stated "This is to certify that Thomas A. Holland * * * is totally disabled due to arteriosclerosis, hypertension and chronic arthritis" and that he cannot pass physical examination for employment because of hernia. Dr. Harold W. Moody in his report states that plaintiff has inguinal hernia, osteoarthritis, osteoporosis, obesity, hypertension, cardiovascular disease and an enlarged heart. Dr. John Hendley in his report shows virtually the same diagnosis. Dr. Henry Anderson states "X-ray examination of the lumbar and sacral spines reveals a slight rotoscoliosis with straightening of the usual lordotic curvature. The disc spaces are intact. There are osteoarthritic changes present. The aorta is arterio-sclerotic." Dr. Jeffords states that Mr. Holland has bilateral varicosities and Dr. Donald E. Saunders, Jr. found significant varicosities of both legs with some degree of involvement of the deep circulation in the right leg, early trophic changes, and neurotic ill health with hypochondriosis. This is certainly evidence of a medically determinable physical or mental impairment, and osteoarthritis, an enlarged heart, the cardiovascular disease as well as hypochondriosis in a sixty-year-old man cannot be said to be remedial.

■ As to how these impairments affected the plaintiff, Dr. Alford has stated that he is totally disabled; Dr. Moody has described the specific restriction on Mr. Holland's activities as "no physical work"; Dr. Hendley says "light duty". These opinions are based on the findings of impairments by these medical experts. The report of Dr. Moody shows why in his opinion the plaintiff is disabled, in that he states that the conditions found by him were not static but progressive and that very little if any optimum improvement can be expected and follows that with a description of the restriction on plaintiff's activity of "no physical work", and Dr. Alford's testimony, "now whether or not he is able to work * * if he got any work, he might be able to work a few days, then he'd break down and whether that constitutes ability to work, it's up to you all to determine, but in my opinion, I don't think he could work enough to be worthwhile to anybody else. It would be very hard for him to pass a physical reemployment examination," is relevant to show plaintiff's incapacity. In the report of Dr. Walter G. Coker, who examined the plaintiff at the request and at the expense of the Government, said, "it is my impression that this applicant is a constitutional inadequate who lacks the proper motivation to pursue gainful employment and who has many hypochondrical tendencies." The Examiner apparently relied on this statement and the statement of Dr. Saunders that plaintiff has "neurotic ill health with hypochondriosis", to support a finding of no disability. However, the law compels that such medical evidence is more proof of disability rather than the contrary. As was stated in Ollis v. Ribicoff (W.D.N.C.1962) 208 F.Supp. 644, at 648, plaintiff's "physical and mental capacity to resist or adapt" to his impairments is a "proper basis for evidentiary inferences on these matters." Thus, the culminating effect of these many ailments upon plaintiff must be weighed solely on the basis of the effect upon this particular man, not upon what the effects might be on others. " 'The act is concerned not with a standard man of ordinary and customary abilities, but with the particular person who may claim its benefits and the effect of the impairment upon that person, with whatever abilities or inabilities he has.' " Brown v. Celebrezze (E.D. S.C.1962) 210 F.Supp. 692, 694, quoting from Klimaszewski v. Flemming, D.C., 176 F.Supp. 927. See also, Lippert v. Ribicoff (D.C.Cal., 1963) 215 F.Supp. 28.

The evidence shows plaintiff's subjective symptoms of pain in the left lower lumbar region which sometimes puts him to bed, his leg hurts him continuously and walking makes him dizzy and if he walks two blocks he has to rest because his legs have a "tired feeling", he falls because his head "swims" and he has shortness of breath and swelling of the ankles.

Plaintiff's physical and mental limitations, his age, appearance, limited education and his work history indicate that there are no prospects for his gainful employment or for retraining.

■ "The legal standards are now well outlined. For this sort of situation, they have been epitomized by the dual question (1) what can appellant do? and (2) what employment opportunities are available to a man who can only do what the Claimant can do. And in finding the answer 'mere theoretical ability to engage in substantial gainful activity is not enough if no reasonable opportunity for this is available.' Stringent as is the statutory standard of disability, it is to be administered with reason. Were it otherwise few would ever be able to qualify." Hayes v. Celebrezze, 311 F.2d 648 (5th Cir., 1963).

This is not a world where employers are seeking those with physical and mental handicaps so that they may rehabilitate them. Rather, this is still a society where the employer employs a person who is physically able to do the job and can learn to do the job so as to earn the employer a profit.

■ As stated by Chief Judge Sobeloff in Thomas v. Celebrezze, supra, "It is the duty of the Secretary to protect the public funds from malingerers; but where, as here, the possibilities of obtaining employment are practically nil, it is no answer that the claimant may be theoretically capable of performing some one of the 'nonphysical, observational' jobs contained in an exhaustive list covering places and circumstances utterly irrelevant to her situation. Employers are concerned with substantial capacity, psychological stability, and steady attendance; they will not unduly risk increasing their health and liability insurance costs. It is unrealistic to think that they would hire anyone with the impairments of this claimant."

Plaintiff here is both incapable of engaging in substantial, gainful activity as well as being unable to find employment, and significantly the reason why he is unable to find substantial, gainful employment or any type of employment is because of his disability.

After a careful examination of the record in this case and the foregoing authorities, I am of the opinion that the final decision of the Secretary is not supported by substantial evidence and is clearly erroneous. On the contrary, the conclusion that plaintiff is unable to engage in any substantial gainful activity appears self-evident to me. Plaintiff in this case is the victim of medically determinable impairments of serious and substantial proportions which can only be expected to be of long and indefinite duration. As a direct result of these impairments plaintiff has been unable since January 1, 1959, to follow his employment in manual labor jobs. Plaintiff's physical and mental impairments, when considered in connection with his individual circumstances of age, work experience, education, training and skill, serve to eliminate effectively, any reasonable possibility of suitable employment or employment for which plaintiff is qualified.

Under the foregoing authorities, I must conclude that the findings of the Hearing Examiner as to the establishment of a period of disability and disability insurance benefits are not supported by substantial evidence on the record considered as a whole and under the authority for appeal given by 42 U.S.C.A. § 405(g) the conclusion of the Secretary that the plaintiff was not entitled to the period of disability and the disability insurance benefits was clearly erroneous, was incorrect, and must, therefore, be reversed.

It is, therefore, ordered, that the decision of the Secretary in this case be and the same is hereby reversed, with direction that judgment be entered for the plaintiff.