John A. RUTLEDGE, Jr., Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Helath, Education, and Welfare, Defendant.

Civ. A. No. 4811.

United States District Court
W. D. South Carolina,
Rock Hill Division.

April 26, 1965.

D. Glenn Yarborough, Lancaster, S. C., for plaintiff.

John C. Williams, U. S. Atty., Greenville, S. C., and Geddes Hugh Martin, Asst. U. S. Atty., Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Action by plaintiff to set aside a final decision by the Secretary of

Health, Education and Welfare that he was not "disabled" within the meaning of the Social Security Act. Judicial review is limited to a determination of whether or not the Secretary's decision is supported by "substantial evidence." If it is so supported, it must be affirmed; however, if undue reliance has been placed upon one portion of the record to the disregard of overwhelming evidence to the contrary, then the Secretary's decision must be reversed. Thomas v. Celebrezze, 331 F.2d 541 (4th Cir. 1964). Naturally, the Secretary has the duty to weigh all the evidence, medical and non-medical, and must resolve conflicts in the testimony. But his resolution, his interpretation, must be reasonable. See Jarrett v. Celebrezze, 233 F.Supp. 282, 285 (W.D.S.C.1964).

■■ This Court has no authority to try the issues de novo, but reading the record as a whole is convinced that the Secretary's interpretation of the evidence is not reasonable. This hapless plaintiff, half blind, and debilitated by a host of ailments, is simply not in such a condition as to be considered reasonably able to obtain and keep employment commensurate with his learning, skill, physical difficulties and mental infirmities. Plaintiff has plainly met all the criteria set forth in Jenkins v. Celebrezze, 335 F. 2d 6 (4th Cir. 1964).

This case is similar, not identical to a recent case decided by this Court. See Hamlet v. Celebrezze, 238 F.Supp. 676 (E.D.S.C.1965) and is considered in the light of those cases heretofore reviewed and reported by the United States Circuit Court of Appeals, Fourth Circuit. See also Boozer v. Celebrezze, 238 F.Supp. 701 (W.D.S.C.1964), Holland v. Celebrezze, 238 F.Supp. 740 (W.D.S.C.1964).

The decision of the Secretary must be reversed because not based on "substantial evidence." Therefore, it will be reversed and the Clerk will enter judgment accordingly.

And it is so ordered.